## ORSER *et al. v.* ORSER, Executor, &c.

The certificate of attestation to a will by a deceased witness is not, it seems, equivalent to his testimony, if he were living, to the contents thereof, but is evidence of an inferior nature.

Such an attestation, in connection with the other circumstances of the case, may warrant a jury in finding the due execution of the will against the evidence of the other subscribing witness; but would not, it seems, without regard to any extrinsic fact, support such a verdict against the positive testimony of a living witness.

No distinction exists between the force of the certificate, as evidence of what was done and heard by the deceased witness, and of what it states to have been also witnessed by the survivor.

APPEAL from the Supreme Court. The surrogate of Westchester county admitted to probate a paper purporting to be the last will of Edward Orser. Upon appeal from the decree of the surrogate to the Supreme Court, issues were framed and sent for trial by jury, to the Westchester Circuit. There was an attestation to the will, stating all the particulars requisite to its valid execution and publication, and subscribed by two witnesses. One of them, Charles Yoe, had died before the trial, and his signature was proved. The body of the instrument was shown to be in the handwriting of this witness. It also appeared that he was a justice of the peace, and had been accustomed to draft and to attest the execution of testamentary papers. The other witness, Ward Acker, was examined at the trial. He could not remember that the decedent declared the instrument to be his will or acknowledged his signature, which was appended previous to his being called upon by the other witness to sign the attestation clause. This witness denied that he heard the decedent speak of the paper as his will, but admitted that he heard some conversation between the decedent and the other witness which he could not remember. The jury, under the charge of the judge, found against the execution and publication of the will. The exceptions taken upon the trial are sufficiently stated in the following opinion. The

exceptions were heard at general term in the second district, and judgment rendered that the will was not duly executed. The proponents appealed to this court.

*Samuel E. Lyon,* for the appellants.

*Amasa J. Parker,* for the respondent.

SELDEN, J. The result of the authorities upon the probate of wills is, that the question of the due execution of a will is to be determined, like any other fact, in view of all the legitimate evidence in the case; and that no controlling effect is to be given to the testimony of the subscribing witnesses. Their direct participation in the transaction must, of course, give great weight to their testimony; but it is liable to be rebutted by other evidence, either direct or circumstantial. A will, duly attested upon its face, the signatures to which are all genuine, may be admitted to probate, although none of the subscribing witnesses are able to swear, from recollection, that the formalities required by the statute were complied with; and even although some of them should swear positively that they were not, if the other evidence warrants the inference that they were. It might be difficult, though, I think, not impossible, to establish the will if all the subscribing witnesses should state positively that the statutory requisites were not observed. But, however this may be, the authorities are abundant to show that, where testimony favorable to the due execution of the will is derived from some or one of those who subscribed it as witnesses, it becomes a mere question as to the relative weight of the evidence, whatever may be the testimony of the others. (*Jauncey* v. *Thorne,* 2 Barb. Ch., 40, and cases there cited.)

In the present case there were two witnesses, one of whom was dead, and the other testified upon the trial that the will was not signed, or the signature thereto acknowledged, in his presence, and that it was not declared by the testator to be his will. He further stated that there was conversation between

Orser *v.* Orser.

the testator and the deceased witness which he could not remember; but he was sure that nothing was said in that conversation about the will. The certificate of attestation was full, and showed, if true, a perfect compliance with the provisions of the statute; and the signatures of the testator and the deceased witness, Yoe, were shown to be genuine. It appeared that Mr. Yoe was in the habit of drawing wills, and was familiar with the requisites essential to their due execution, and that the certificate was in his handwriting. On the other hand, Mr. Acker, the witness who was sworn, had never before been called upon to witness a will, and knew nothing of the formalities required.

Under these circumstances there can, I apprehend, be no doubt that a jury would be at liberty to find that the will was duly executed. The statute (2 R. S., p. 58, § 13), provides that, when one or more of the subscribing witnesses are dead, and the others are examined, proof may be taken of the handwriting of the testator and of the witnesses who are dead, and also of other circumstances tending to prove the will. The effect of this provision, of course, is to make the certificate of attestation, signed by the deceased witness, evidence to some extent of the facts stated in it. The force of this evidence will depend very much upon the circumstances of the case. If the witness whose signature is thus proved is shown to have been an uneducated man, not accustomed to subscribe wills, and ignorant of the legal requisites to their due execution, the evidence afforded by proof of his handwriting of a strict compliance with the requirements of the statute would be very slight. On the contrary, if the witness was in the habit of drawing and attending to the execution of wills, and familiar with the law upon the subject, his certificate that the requisite formalities were duly observed would be entitled to great weight. The evidence which such a certificate would afford would, in most cases, be sufficient to overcome the mere want of recollection of a living witness; and should the testimony of the latter amount to a positive denial, the relative weight of the conflicting proof would then depend upon the apparent integ-

rity and intelligence of the witness and the circumstances surrounding the particular case. The questions in the present case arise upon the charge of the judge; and if, upon examination, he is found to have given to the jury instructions which conflict with these principles, the judgment must be reversed.

Were it sufficient to reverse the judgment that we should be able to see, from the charge and the refusals to charge, taken together as a whole, that the judge entertained erroneous views in regard to the effect of the evidence, and that he probably communicated those views to the jury, there would, perhaps, be little difficulty in disposing of the case. But it is necessary that some specific error should be pointed out, either in the instructions actually given or in those which the judge refused to give to the jury.

The counsel requested him to charge, that although the surviving witness, Acker, had sworn that the testator did not acknowledge the signature to the will, or comply with the other requisitions of the statute, the jury had, nevertheless, a right to find the fact, that he did make such acknowledgment "from the evidence supplied by the certificate of attestation." This request was refused, and the counsel excepted.

Had the words, "and from the other circumstances proved in the case," been added to the proposition, the judge would, I think, have been bound to accede to the request. Perhaps the proposition does impliedly include the addition suggested. Still, it is capable of being understood as intended to assert, that the certificate of attestation alone, without regard to any extrinsic fact or circumstance, would be sufficient to authorize the jury to find against the positive testimony of a living witness. From other parts of the judge's charge, it would seem that he must so have understood it; and when thus interpreted, I am not prepared to say that his refusal was erroneous.

One of the propositions which the judge was called upon to charge was, that the jury might find the due execution of the will, against the positive testimony of Acker, if they believed the certificate of attestation true. To this the judge

acceded, and so charged, provided "there were facts and circumstances disclosed to warrant that belief." I see nothing erroneous in this qualification. Without it, I doubt the soundness of the proposition.

Another proposition was, that the certificate of attestation, signed by Mr. Yoe, "is equivalent to his testimony, if he were living, and testified to the contents of it before the jury." The judge charged in favor of this, "so far only as relates to Yoe himself." The distinction here taken by the judge is clearly unfounded; and the charge, in this respect, would be erroneous if the proposition itself were sound. But it is clear, that the certificate of attestation is not equivalent to the testimony of the living witness. If equivalent, it should have equal weight as against conflicting testimony; a force which cannot reasonably be attributed to it. The statute makes it evidence; but it is evidence of a secondary and inferior nature, which is received from the necessity of the case. The counsel, therefore, has no right to complain of this portion of the charge, as it conceded more than he was entitled to.

But there is another portion of the charge which it is difficult to support. The judge was requested to instruct the jury, that as the witness, Acker, had sworn that words had passed between Yoe and the testator at the time of the execution of the will, which he, Acker, did not remember, the jury might infer from this testimony, taken in connection with the certificate of attestation, and the other facts found in the case, that these words contained the necessary acknowledgment, and request, by the testator. The judge charged in favor of this proposition, "so far as relates to Yoe, but not as it relates to Acker." There is no ground for the distinction here made by the judge. So far as the certificate was evidence at all, it furnished as much proof that the will was executed in presence of Acker as of Yoe. It certifies, "that the instrument was declared to *us* by the testator," &c.; and that he "acknowledged to *each of us* that he had subscribed the same, and *we*, at his request, signed *our* names," &c. If, therefore, the proposition itself was sound, the charge was of course erroneous.

I cannot doubt that the jury were at liberty to find, if they believed such to be the fact, that the necessary requests and acknowledgments, on the part of the testator, constituted a part of the conversation between him and Mr. Yoe, which the witness, Acker, could not recollect. It is true that Acker testified to the contrary. But there is a seeming inconsistency on the part of the witness in saying, that he could not recollect what the conversation was, but could recollect what it was not. Besides, the witness says he went into Mr. Yoe's office at his request, to witness this will. He had no other business there, and staid only long enough to sign his name to the paper. The execution of the will was, obviously, from his own relation, the business upon which they were all intent; and yet, he says the conversation between Yoe and the testator had no relation to the will. This seems to me not very probable; and I should certainly think it a not unreasonable inference that the witness, Acker, was mistaken in his recollection upon that point. The request under consideration, therefore, was, I think, a proper one; and the judge should have charged according to its terms. This point was not specially urged by the counsel upon the argument; but the exception was taken at the time, and I did not understand it to be waived. For the error of the judge, in not charging as requested in this respect, the judgment should be reversed, and there should be a new trial, with costs to abide the event.

COMSTOCK, Ch. J., DENIO, DAVIES and JAMES, Js., concurred; LOTT, MASON and HOYT, Js., dissented.

Judgment reversed, and new trial ordered.