### SUPREME COURT.

ANDREW LAWRENCE agt. ABRAHAM R. L. NORTON and others.

Where all the witnesses to the execution of a will are dead, except one, and he is unable to recollect anything as to the execution of the will except his own hand-writing, proof of the handwriting of the other witnesses, and other proper evidence, may be resorted to to sustain its execution.

Where proof of the handwriting of three witnesses to the execution of the will was given before the surrogate, and the will contained a full attestation clause, together with the fact that in all its parts it was in the handwriting of the testator; that he had signed it in a form at the end of each sheet, as is usual only in regard to wills; that the testator by the forms he used showed that he was conversant with the necessary requisites to the execution of a will:

*Held,* that these facts were amply sufficient to sustain it as a will after proof of the death of the witnesses, and the inability of the surviving witness to recollect the transaction which he was called to witness.

*New York General Term, January,* 1866.

*Before* BARNARD, *P. J.,* CLERKE *and* INGRAHAM, *Justices.*

THIS appeal is taken from a decree of the surrogate, refusing to admit to probate a will of Abraham R. Lawrence, as not sufficiently proven, and granting administration to persons claiming to be his heirs-at-law.   The will proposed for probate was dated 9th December, 1839, and was executed in the presence of three witnesses, having the usual attestation clause.   The testator's name was signed to each page of the will, and at the end of it.   Upon the hearing before the surrogate, it appeared that two of the witnesses were dead, one having died in 1845, and one in 1855.   The handwriting of both the witnesses who were

dead was proven. The third witness, Van Benschoten, was examined. He proved the signature to the will as a witness was his writing, as well as the place of residence, but did not recollect anything as to the execution of the will, nor whether the other witnesses were present; in short, he had no recollection of any kind as to the execution, or as to the presence of the other witnesses.

The surrogate decided that the paper propounded was not executed and attested as a last will and testament in the manner prescribed by law therefor, and probate thereof was denied. He also decided that certain persons opposing the probate of the will were grandchildren of the deceased, and his only heirs-at-law. From this decision an appeal was taken to this court.

W. Fullerton, Gilbert Dean, *for appellants.*

B. J. Blankman, *for respondents.*

By the court, Ingraham, J. The main question in this case properly before us, is whether the paper propounded for probate was sufficiently proved to admit the same to probate. The death of two of the witnesses, and the utter forgetfulness by the surviving witness of the execution of the paper by the deceased, makes it impossible to prove the direct execution. The parties then proved the handwriting of all the witnesses, the signature of the deceased to the different papers, and at the end, and the whole body of the paper with the attestation clause, to be entirely in the handwriting of Abraham R. Lawrence, deceased. The question then arises in this case, whether a will apparently correct on its face, can be proven when all the witnesses are dead, or have forgotten all the matters connected with its execution. It is not objected that there is any evidence to show a want of compliance with any of the forms required by the statute as to the execution of wills. These forms on the face of the paper appear to have been com-

plied with.   The attestation clause is full, and declares
that these requisites were complied with, and from the
wording of this paper throughout, and the mode of execu-
ting, it is apparent that the deceased was familiar with, or
had been instructed as to what was necessary to the valid
execution of such a paper.   No objection is made to his
competency at that time, or to any other cause connected
with the will, except the insufficiency of the proof of exe-
cution.

It is said by Bradford, Surrogate, in *Peebles* agt. *Case*
(2 *Bradford*, 228), the proof of a will abides by the same
rules of evidence as prevail in all other judicial investiga-
tions.   The question for the court is the factum of the
interest, and that may be proved in the very teeth of the
subscribing witnesses.   So if the subscribing witnesses all
swear that the will was not duly executed, proof may be
given *aliunde* of its execution (*Jackson* agt. *Christman*, 4
*Wend.* 277).   Nor are the provisions (2 *R. S. p.* 58, §§ 13,
16) such as to preclude the admission of proof of hand-
writing and other matters to establish the will, where some
of the witnesses are dead, and others do not remember the
occurrence.   Those provisions are merely directory in those
special cases, and do not apply to cases of a different
nature from the one specially enumerated (*Peebles* agt. *Case*,
*supra*).

The act of 1837 (*chap.* 460, § 20), provides if all the
witnesses to a will be dead, insane, out of the state, or
incompetent to testify, the surrogate may take proof of
handwriting of the testator and of the subscribing wit-
nesses, and of such other facts as would be proper to prove
such will on a trial at law, and admit the same to probate,
&c.   As this applies to a case where all the witnesses are
unable to testify, it does not cover the present.   If it did,
it would be authority to warrant the admission and appro-
val of the evidence given in this case.   In *Hands* agt.
*James* (*Com. Rep.* 531), where all the witnesses were dead,

the will was sustained on circumstantial evidence. In the case of a lost will, where only one witness was examined, and he did not recollect the names of the other witnesses, it was admitted on other testimony (*Dan* agt. *Brown,* 4 *Cow.* 489). If all the witnesses are dead, proof of their handwriting and that of the testator, are proper to be left to the jury upon the question whether it may not be presumed that the formalities of the statute were observed. (*Jackson* agt. *Luquere,* 5 *Cow.* 221, 224 ; *see also Thompson* agt. *Hall,* ·14 *E. L. & E. Rep. p.* 596.)

The case of *Orser* agt. *Orser* (24 *N. Y.* 51), is a strong case to show that a will may be sustained even where one of the witnesses who is examined may not be able to state that the necessary formalities had attended its execution. In that case one of the witnesses testified that nothing was said by the testator in the conversation with the deceased witness about the will, and yet the court held that notwithstanding, the jury might find from proof of handwriting of the other witness, and other facts, that the will was properly executed.

In *Tarrant* agt. *Ware* (*reported in note,* 25 *N. Y. Rep,* 427), a will was held valid on proof of one witness against the testimony· of the other, that she was not requested to sign as a witness; that there was no publication of the instrument as a will. Several cases are cited in that opinion to show that the evidence of a witness against its proper execution is not conclusive to prevent its admission to probate. In *Rice* agt. *Oldfield* (*Strange,* 1096), where all the witnesses denied their signatures, evidence to contradict them was received, and the will supported. (*See also* 4 *Burr,* 22, 414.) Various cases may be found where the forgetfulness of a witness as to the occurrences at the execution of a will is not considered enough to prevent the establishment of the will. (*Nelson* agt. *McGiffert,* 3 *Barb. Ch.* 158 ; *Jauncey* agt. *Thorne,* 2 *Barb. Ch.* 40 ; *Trustees of Auburn Seminary* agt. *Calhoun,* 25 *N. Y. Rep.* 422 ; *Peck* agt. *Cary,* 27 *N. Y.*

*Rep. p.* 10 ; *Jarman on Wills, p.* 226.)   In *Chaffer agt. Baptist. Miss. Convention* (10 *Paige,* 85, 90), the chancellor says :  " Prudence requires that a proper attestation clause should be drawn, showing that all the statute formalities were complied with, not only as presumptive evidence of, the fact in case of the death of the witnesses, or where from the lapse of time they cannot recollect what did take place, but also for the purpose of showing that the persons who prepared the will knew what the requisite formalities were." In *Cheney agt. Arnold* (18 *Barb.* 434, 438), the judge says :  " Where the witnesses are dead, or from lapse of time do not remember the circumstances attending the attestation, the law, after the production of the evidence, if there are no circumstances of suspicion, will presume a proper execution of the will, particularly where the attesting clause is full.   After the lapse of twenty-five years, unless it appears affirmatively that the will was not duly executed, the law will not set it aside or declare it invalid because the attesting witnesses do not recollect that all the requirements were complied with.   The law requires no such absurdity."

Nor do I think there is any ground for the argument that these rules do not apply where one witness is living, and may be examined, so as to exclude proof of the hand-writing of the deceased witness.   The statute requires the living witness to be examined, but does not place the decision on his evidence, even if he remembers the transaction. If he has forgotten all the circumstances attending the execution, he is no better on the proof of the will than the dead witness.   In either case resort must be had to the proof of handwriting and the corroborating circumstances. Surely, if a witness who positively denies the execution of the will and his own signature may be contradicted, and the will sustained by proof of the handwriting of the witnesses, such evidence should be sufficient, where the witnesses have forgotten all traces of the transaction.   The

NEW YORK PRACTICE REPORTS. 237

statute only requires the living witness to be examined. After that has been done, if the proof is insufficient, the parties may resort to the next best evidence, the handwriting of the witnesses.

The evidence in this case, is, in my judgment, amply sufficient to prove the execution of this instrument. The proof of the handwriting of the three witnesses, with a full attestation clause; the fact that the will in all its parts is in the handwriting of the testator; that he has signed it in a form at the end of each sheet, as is usual only in regard to wills; that the testator, by the forms he used, showed that he was conversant with the necessary requisites to the execution of a will, are facts amply sufficient to sustain it as a will after proof of the death of the witnesses, or their inability to recollect the transaction which they were called to witness. We are of the opinion that the evidence was sufficient to admit the will to probate.

The decree of the surrogate is reversed, and the case remitted to the surrogate, with directions to admit the will to probate.