JULIETTE RIDER *vs.* CORNELIUS W. LEGG and others.

No unvarying rule, as to the amount of proof necessary to establish the execu-
tion of a will can be laid down which is to control every case, as the circum-
stances of each case must differ from any other. Hence it becomes the
duty of the court to ascertain, from all the facts and circumstances, whether
the instrument offered is established with reasonable certainty, and if it is,
to receive the same.

Where all the three subscribing witnesses to a will executed since the Revised
Statutes took effect are dead, proof of the signatures of two of them, with a
perfect attestation clause, and other circumstances tending to favor the prob-
ability that the will is genuine, are sufficient, after a great lapse of time, to
justify the reception of the will as evidence, without proof of the signatures
of one of the subscribing witnesses and the testatrix.

*Peter Cantine*, for the plaintiff.

*E. Whitaker*, for the defendants.

INGALLS, J.   This is an action for the partition of a
tract of land situated in Ulster county, of which Jane
Legg died seised, and all the parties derive title from her.
The principal question presented upon this trial is, whether
the paper purporting to be the will of Jane Legg offered
as evidence by the defendant Cornelius W. Legg, and
under which he claims title to one of the pieces of land
mentioned in the complaint, should be received.   I am of
opinion that the evidence establishes the said paper, as
the will of said Jane Legg, and justifies its reception as
evidence in this action.   The execution of the will was
attested by three witnesses.   The attestation clause is full,
and in proper form, and the signatures of two of the
subscribing witnesses are established beyond reasonable
doubt.   The will, which bears date in the year 1833, was
discovered about a year since, in the chest where the
papers and money of the testatrix were deposited.   Her
sons remained upon the premises after the decease of the
testatrix, and the chest was used for the purpose of de-
positing money and papers, as it had been before her

death. I perceive no circumstances which are calculated to throw suspicion over the transaction, or which tend to the conclusion that fraud or evil practice attends the production or assertion of such instrument. The will is obviously in the handwriting of one of the witnesses, whose signature is established, and who seems to have understood what was essential to its due execution. It purports to have been executed subsequent to the Revised Statutes taking effect, and hence only two witnesses were necessary to its proper proof. All the witnesses are dead. The signatures of two are absolutely established. Prior to the Revised Statutes, at least three witnesses were required. (*Brinkerhoff* v. *Remsen*, 8 *Paige*, 491.) The defendant fails to prove the signature of one of the subscribing witnesses, and also that of the testatrix. I think, however, that proof of the signatures of two of the witnesses, with a perfect attestation clause, and other circumstances which tend to favor the probability that the will is genuine, and the length of time which has elapsed, are sufficient to justify the reception of the will as evidence in this action. (*Brinckerhoff* v. *Remsen*, 8 *Paige*, 489. *Fetherly* v. *Waggoner*, 11 *Wend*. 599, 603. *Chaffee* v. *Baptist M. Con.* 10 *Paige*, 85, 90. *Nelson* v. *McGiffort*, 3 *Barb. Ch.* 158. *Cheeney* v. *Arnold*, 18 *Barb*. 435.) In the last mentioned case, Judge Crippen, at page 438, remarks: "If the witnesses were all dead, the proof of their handwriting would be sufficient to establish the due execution of the instrument by the testator."

In *Lawrence* v. *Norton*, (45 *Barb*. 448,) Judge Ingraham, at page 450, says: "Nor are the provisions of the statute, (2 *R. S. p.* 58, §§ 13, 16,) such as to preclude the admission of handwriting and other matters, to establish the will when some of the witnesses are dead, and others do not remember the occurrence." In *Everitt* v. *Everitt*, (41 *Barb*. 385,) Judge Brown remarks : "And if the witnesses are men of good character, and there is no doubt as to

their signatures, or any other suspicious circumstances, *the attestation clause* would be deemed sufficient evidence of a bequest. In short, the law lays down no inflexible rule in such cases, but accepts the best evidence that can be procured, adapted to the nature of human affairs, human infirmities and casualties which tends with reasonable certainty to establish the fact in controversy." · (*Dan* v. *Brown,* 4 *Cowen,* 483.) In *Willard's Real Estate and Con.* page 491, the learned author remarks: "And when any of the witnesses are dead, or in such a situation that their testimony cannot be obtained, proof of their signature is received as secondary evidence of the facts to which they had attested by subscribing the will as witnesses to the execution thereof." (*See also Orser* v. *Orser,* 24 *N. Y. Rep.* 51.) I am of opinion that the will in question has been substantiated, within the principle settled by the cases referred to. And that no substantial ground is established justifying its rejection as evidence. After such a lapse of time, absolute certainty cannot be expected, and while such evidence should be received with caution to prevent imposition, yet that caution is not to be carried to a length which would override the ordinary, and well recognized rules of evidence in regard to the proof of papers, which have survived the parties who executed and witnessed them. No unvarying rule can be laid down which is to control every case, as the circumstances of each case must differ from any other. And hence it becomes the duty of the court to ascertain, from all the facts and circumstances, whether the instrument offered is established with reasonable certainty, and if it is, to receive the same. The paper is therefore received as the will of the said Jane Legg.

[Rensselaer Special Term, July 27, 1868. *Ingalls*, Justice.]