In the Matter of the Probate of the Last Will and Testament of CHARLOTTE A. PEPOON.

Where the attestation clause to a will is full and complete, it is not always essential that all the particulars required by the statute to constitute a

valid execution of the instrument should be expressly proved. The presumption is in favor of due execution, and a failure of recollection on the part of the subscribing witnesses will not defeat the probate where the surrounding circumstances, taken together with the attestation clause, satisfactorily establish such execution.

The witnesses to a will, the attestation clause to which was in due form, and which was executed more than fourteen years before the death of the testatrix, testified in substance that they had not a clear recollection of what occurred at the time of the execution, that they must have read or heard read and understood the purport of the attestation clause, as they never signed any document without knowing its contents, and that they would not have signed if the facts stated in said clause had not occurred, one of them also testified that the signatures of the testatrix and the two witnesses were made in the presence of each other, and that he recollected that said clause was read or that he heard it read. *Held,* that the evidence justified the admission of the will to probate.

(Argued January 19, 1883 ; decided January 30, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made February 3, 1882, which affirmed a decree of the surrogate of the county of New York, admitting to probate the will of Charlotte A. Pepoon, deceased.

The material facts are stated in the opinion.

*Jno. E. Parsons* for appellant. In the absence of proof of a declaration to the witnesses that the instrument is a will, probate should be refused even though it appears by the fact of the execution of the paper that the testatrix may have had a purpose to dispose of her property in the manner indicated. (*Butler* v. *Benson,* 1 Barb. 526 ; *Kingsley* v. *Blanchard,* 66 id. 317 ; *Tyler* v. *Mapes,* 19 id. 448 ; *Seymour* v. *Van Wyck,* 6 N. Y. 120 ; *Sisters of Charity* v. *Kelly,* 67 id 409.) In the absence of any recollection by the witnesses that there was the required declaration, the case stands upon the inferences to be drawn from the attestation clause and any corroborating circumstances on the one side, and the attending and conceded circumstances on the other. (*Orser* v. *Orser,* 24 N. Y. 51 ; *Peck* v. *Cary,* 27 id. 9 ; *Will of Graham,* 2 Bradf. 226 ; *Lawrence* v. *Norton,* 45 Barb. 448 ; *Matter of Kellum,* 52 N. Y.

517.)   Conjectures and inferences drawn from the fact of the attestation clause were inadmissible in the absence of recollection by the witnesses that they did read the attestation clause and were of no value. (*Brown* v. *Cady*, 19 Wend. 477 ; Greenleaf on Ev., § 440 ; *Newell* v. *Doty*, 33 N. Y. 83, 94 ; *Butler* v. *Benso*, 1 Barb. 526 ; *Morehouse* v. *Matthews*, 2 N. Y. 514.)

*Wheeler H. Peckham* for respondents.   The will being some fifteen years old, and the testatrix having lived nearly fifteen years after its execution, every presumption is in favor of its due execution. (*Butler* v. *Benson*, 1 Barb. 526, 538 ; *Jauncey* v. *Thorne*, 2 Barb. Ch. 40, 60 ; *Nelson* v. *Giffert*, 3 id. 158 ; *Peck* v. *Cary*, 27 N. Y. 9, 32, 33 ; *Cheney* v. *Arnold*, 18 Barb. 438 ; *Willis* v. *Mott*, 36 N. Y. 486 ; *Matter of Will of Kellum*, 52 id. 517, 521 ; *Rugg* v. *Rugg*, 83 id. 592 ; 1 Williams on Executors [6th Am. ed.], 103, 104 [bot. p.] note *w*.)   Of the case as a question of fact upon the weight of evidence, this court has no jurisdiction. (*In re Ross*, 87 N. Y. 514 ; *Davis* v. *Clark*, id. 623.)   The testimony from recollection thus proves the signing at the end of the will ; the signing in the presence of each of the two witnesses, and that the witnesses became such at the request of the testatrix. (Dayton on Surrogates, 110, 114.)   A memorandum made at the time of a transaction, by a witness thereof, and which a witness can say was then truly made, is itself evidence, though the witness at the time of testifying cannot remember the transaction, and though examination of the memorandum fails to refresh his memory. (*Butler* v. *Benson*, 1 Barb. 526 ; *Halsey* v. *Sinsebaugh*, 15 N. Y. 485, 488 ; *Howard* v. *McDonough*, 77 id. 593.) Proof of a will abides by the same rules of evidence which prevail in all other judicial investigations. (*Peebles* v. *Case*, 2 Bradf. 226.)

MILLER, J.   The will of the testatrix contained the usual attesting clause, in due form, and was subscribed by the signatures of two attesting witnesses.   It comprehended all that was required by law, and upon its face the will bore every ap-

pearance of having been lawfully executed. It was dated the 20th of July, 1866, and was executed not long after that. The testatrix died in November, 1880. Considerable time had, therefore, elapsed between the making of the will and the death of the testatrix. There is no doubt as to the testatrix's capacity, and the question is, whether the proofs before the surrogate established that the will had been executed in accordance with the provisions of the Revised Statutes.

The two witnesses to the will, who were sworn before the surrogate, did not, by their evidence, fully establish that the statutory requirements were complied with, yet, with the attestation clause, which fully complied with the statute, it was sufficient to establish the will. The time which had elapsed since the execution of the will was so long, it is by no means remarkable that the recollection of the witnesses should have become somewhat faint and obscure, by reason thereof, and hence it is not always essential, where the attestation clause is full and complete, that every particular should be proved.

The first of the subscribing witnesses, Mr. Roberts, was an employee in the Second National Bank, the place at which the testatrix executed the will in question. He testified he had no clear recollection of the circumstances; that he had a vague impression of her being in the bank, one day, and of her signing and his witnessing the will. He did not remember what occurred at the time, and could only infer that he read the attestation clause; that he thought he knew, at the time, what was necessary to the proper execution of a will. He also stated, in answer to a question put, that he must have understood the purport of the attestation clause, and was sure of that from his habit of not signing any document, without first reading it. He testified that if the matters stated in the attestation clause had not occurred, he would not have signed it. Upon cross-examination he testified he had no recollection of reading the attestation clause. Upon re-direct-examination, after examining the attestation clause, he swore, that he should say, Mrs. Pepoon signed, published and declared the will as and for her last will and testament, in the presence of himself and Mr.

Bronson, and that they subscribed their names to it as wit-nesses, at her request and in her presence, and that he has no doubt it was in the presence of each other. He subsequently stated that he meant by the above only to give the deduction from what he had signed, but had no recollection that he ever knew what she said there, and that he could not say that he recollected any of these circumstances. Although somewhat indefinite, there was some evidence by the witness to establish the fact that the forms of law had been complied with.

The other witness, Mr. Bronson, testified to the will being signed by the testatrix, and then by Mr. Roberts and himself. Reading the attestation clause he says, "she must have declared it to be her will and her signature," but he does not recollect that she said any thing more. He further testified to having no recollection of being requested to sign as a witness, but says "he must have read that clause when he signed it, or heard it read, because he never signed any thing, without know-ing what he signed;" he further says, he must have signed at the request of Mrs. Pepoon. He also swears that he would not have signed it, without reading that part over his signature, and further that he would not have signed it, unless these things had been so, after he had read it. He testified to the signatures of the testatrix, Mr. Roberts and himself, and said they were all signed in the presence of each other. On cross-examination he makes his testimony still stronger, and says : "I am sure that before signing my name as a witness, I read the attestation clause; I should say that I state that from recollection ; I know that to be my signature, and I must have read it before I signed it; I do not think that is all inference ; I mean to state now that I now recollect that I did read that, or that there was read to me that clause."

Every presumption is in favor of the due execution of the will in question. The rule is well established that, when there is a failure of recollection by the subscribing witnesses, the probate of the will cannot be defeated if the attesting clause and the surrounding circumstances satisfactorily establish its execution. (*Rugg* v. *Rugg*, 83 N. Y. 592; *Matter of Kellum*,

52 id. 517.)   Within this rule it is difficult to see why the will
in question was not sufficiently proved.   Although the wit-
nesses may not have established a case strictly within the
requirements of law, yet their testimony strongly tended to
sustain the validity of the execution of the will, and the attes-
tation clause being perfect it is not apparent how. it can prop-
erly be claimed that the will was not sufficiently proved.   If
the witnesses had been dead it could have been proved accord-
ing to the provisions of the statutes of this State.   The proof
given established a stronger case than could have been made
out if the witnesses were not living.   Under such circum-
stances it would be going very far to hold that the will was
not lawfully proved, and no reported case would uphold such
a decision.   We agree with the learned counsel for the appel-
lant that probate of a will should be refused when the circum-
stances establish that there was not the required declaration,
yet we think the circumstances here are in the contrary direc-
tion and tend to show that there was such a declaration as the
law requires, and within none of the cases which have been
cited, all of which we have carefully examined, do we find the
declaration of the testatrix here was not sufficiently and properly
established.   It cannot, we think, be fairly contended in this
case from the evidence, that there is such an entire absence of
recollection by the witnesses that there was the required dec-
laration, for there is at least some evidence tending in that di-
rection.   But even if such was the case, we think that within
the rule which we have stated the probate of the will should
not be defeated, as the surrounding circumstances all tend to
show its valid execution ; the will was signed by the testatrix
and by the subscribing witnesses, and was evidently intended
as a legal and valid declaration of the intention of the testatrix.
It was prepared with a proper attestation clause and executed
for the purpose of disposing of her estate, and hence, is brought
within the principle decided in *Rugg* v. *Rugg* (*supra*).   Nor
can it be contended we think that the facts and circumstances
establish that the testatrix did not declare the instrument to be
her will, and it is to be assumed, from the proof in the case,

that the will was executed by the testatrix, that it was attested by witnesses, that it contained an attesting clause containing all the essentials to make it a valid will, and from the other evidence tending to show that it was declared to be such, that no such declaration was made. The evidence presented establishes to the contrary. We think there is nothing in the testimony from which it may be fairly inferred that the witnesses were not aware, at the time of the execution of the will, that they were signing it as such witnesses.

We do not deem it necessary to discuss the testimony at length in regard to the question whether the declaration was made, as it sufficiently appears from the evidence, in connection with the attestation clause, that such was the fact.

Several questions are raised in regard to the admissibility of evidence which are sufficiently considered in the opinions of the surrogate and of the General Term, and do not require a discussion. We think there was no error in this respect.

The judgment should be affirmed.

All concur, except RAPALLO, J., absent.

Judgment affirmed.