## SURROGATE'S COURT.

In the Matter of the Probate of the Last Will and Testament
of WILLIAM S. BOGART, deceased.

*Will — Evidence of due execution — Subscribing witnesses need not subscribe
in each other's presence.*

Where the evidence showed that deceased signed the paper propounded,
and acknowledged the signature to be his, declared the instrument to
be his last will and testament, and requested the witness G. to become
a witness thereto; that subsequently he requested the witness F. to
sign "as a witness," but, according to his testimony, without either
acknowledging the signature or declaring it to be his will; the testator
is shown to be familiar with the requisite formalities attending the
execution of a will; the attestation clause being faulty in that it omits
to state that the witness signed at the request of the testator:

*Held,* that it is not necessary for the subscribing witnesses to a will to
subscribe as witnesses in each other's presence.

The testimony of a subscribing witness who signed the will in the presence
of the testator alone, is not conclusive on the question of due execution,
when it appears that it is to his interest that the will should be set aside.

Under such circumstances, where the other testimony is favorable to due
execution, and it is shown that the testator knew the contents of his
will, and knew the formalities required for due execution, and there-
is an attestation clause alleging due publication, the will may be
admitted to probate.

*Kings county, March,* 1884.

*Rufus T. Griggs* and *M. J. McKenna,* for executor and
proponent.

*Eastman & Garretson* and *Scovill & De Witt,* for
contestants.

BERGEN, *S.* — The evidence in these proceedings shows the
deceased signed the paper propounded, and acknowledged
the signature to be his, declared the instrument to be his last
will and testament, and requested the witness Gray to become
a witness thereto ; that subsequently he requested the witness

Matter of Bogart.

Fowler to sign " as a witness," but according to his testimony,
without either acknowledging the signature or declaring it to
be his will.

The question before me is whether the instrument has been
sufficiently proved to authorize its being admitted to probate.
The statute provides that the testator shall sign in the presence
of the witnesses, or acknowledge the signature to be his, and
declare the instrument to be his last will and testament.
The attestation clause is faulty in that it omits to state that
the witnesses signed at the request of the testator.   Now, in
view of this, is it competent for this court to admit the paper
to probate?   The testator is shown to be familiar with the
requisite formalities attending the execution of a will, for they
were observed at the time Mr. Gray became a witness, as
testified to by him, and this was previous to Flower becoming
a witness.

" The result of the authorities upon the probate of wills is
that the question of the due execution of a will is to be determ-
ined, like any other fact, in view of all the legitimate
evidence in the case, and that no controlling effect is to be
given to the testimony of the subscribing witnesses" (*Orser
agt. Orser*, 24 *N. Y.*, 52).   And if the person executing the
will is shown to be familiar with the law upon the subject,
the presumption that the formalities have been observed is
very strong, and should the testimony of a subscribing witness
amount to a positive denial, the relative weight of the conflict-
ing proof would then depend upon the apparent integrity and
intelligence of the witness, and the circumstances surrounding
the particular case (*Orser* agt. *Orser*, 24 *N. Y.*, 53, 54).

Fowler's testimony should be carefully scrutinized.   He
is an interested party; the manner of giving and its matter
are such as to lead me to conclude that he cannot in this mat-
ter be relied upon.   The maxim "*falsus in uno, falsus in
omnibus*," applies with unusual force.   He is a party to these
proceedings, and, though a man of more than ordinary intelli-
gence, says he does not know whether or not he is interested,

Matter of Bogart.

or whether he will be benefited by the instrument being rejected — a statement unworthy of credence. There are other portions equally improbable and unworthy of belief. I therefore do not think it should be considered in determining the question. When a party in a civil action deliberately swears false to one material part of his testimony, and the jury are satisfied that he has so sworn false — intentionally false — they are not only at liberty, but it is sometimes the duty of the jury, to reject the whole. The maxim is "*falsus in uno, falsus in omnibus*" (*Moett* agt. *People, &c.*, 85 *N. Y.*, 373).

Though undoubtedly the general rule is that an uncontradicted witness must be believed, it is subject to the qualification that when his testimony is improbable, he is interested, or where he is impeached, the court or jury is not bound blindly to adopt his testimony as true (*Elwood* agt. *The Western Union Telegraph Co.*, 45 *N. Y.*, 553; *Gildersleeve* agt. *Landon*, 73 *N. Y.*, 609; *Moett* agt. *People, &c.*, *supra*; *McNulty* agt. *Hand*, 86 *N. Y.*, 546). In *Orser* agt. *Orser* (*supra*) there was an attestation clause, one witness was dead, and the other testified to facts which negatived the contention that the proper formalities had been observed, yet the court said the jury were at liberty to find the proper execution of the instrument. It is true that there was a full attestation clause, and therefore the question remains, whether or not there is a presumption from the circumstances.

The attestation clause is sufficient as a declaration that it is his will, and the sole question is whether or not I can conclude there was an acknowledgment of his signature. Even under *Mitchell* agt. *Mitchell* (77 *N. Y.*, 596; *S. C.*, 26 *Hun*, 97), an acknowledgment was here proved. When Fowler was requested to become a witness, the signature of the deceased was, he said, in full view. That circumstance was there conceded by the court to be sufficient. The case was distinguished from *Baskin* agt. *Baskin* (48 *Barb.*, 200), affirmed in court of appeals, where that was held a sufficient acknowledgment under the statute.

In *Hands* agt. *James* (*Comyne*, 531) the court said : "An attestation clause is not required by the statute, and whether inserted or not, it must be proved. If inserted it does not conclude, but it may be proved *contra*, and the verdict may find *contra*; then if not conclusive when inserted the omission does not conclude it was not so, and therefore must be proved by the best proof which the nature of the thing will admit."

Again, in *Croft* agt. *Pawlet* (2 *Strange*, 1109) the attestation clause was defective in that it did not state a signing in the presence of the testator. The court held it was evidence to be left to a jury of a compliance with all the circumstances, and a verdict was given for the will.

In *Brice* agt. *Smith* ( *Willes*, 1) the witnesses were both dead, and the attestation clause was defective in not stating that the instrument had been signed by the witness in the presence of the testator. The court held the will was well founded, relying upon *Hands* agt. *James* (*supra*). Chancellor WALWORTH, in *Chaffee* agt. *Baptist Missionary Convention* (10 *Paige's Ch.*, 90), says : "Indeed it has been decided that a formality of this kind, not noticed in the attestation clause, may even be presumed from circumstances after the witnesses to the will are dead," citing *Croft* agt. *Pawlet* (*supra*); *Brice* agt. *Smith* (*supra*); and *Hands* agt. *James* (*supra*).

The circumstances here relied upon are that the testator was familiar with the requisite formalities (*Orser* agt. *Orser*, *supra*); knew its contents and character (*Gilbert* agt. *Knox et al.*, 52 *N. Y.*, 125); the will was in the handwriting of the testator. Since January 1, 1838, when the present English statute of wills took effect, the courts have had to consider the question now before me. I do not apprehend there is any difference in the force of an attestation clause under their law from that under ours. It is true their statute declares no formal attestation necessary, a declaration which coincides with the construction of our own legislation upon the subject. Their statute, as ours, prescribes certain formalities, and any presumption that is available in their courts can be ind⸱l⸱⸱⸱⸱

Matter of Bogart.

in by us. *In re Seagram* (3 *Notes of Cases*, 436) there was no attestation clause; the will was admitted though the witnesses were dead. The same in *In re Johnson* (2 *Curters*, 34). The same in *In re Luffman* (5 *Notes of Cases*, 183), where the attestation clause was defective and the whereabouts of the witnesses unknown.

In *Leech et al.* agt. *Bates* (6 *Notes of Cases*, 699) two codicils purported to be signed by the testator and attested respectively by witnesses, the clause of attestation being imperfect, one witness deposed to facts, which, if true, would show that the statute had not been complied with; but circumstances proved that his recollection could not be relied upon. Held, as positive affirmative evidence was unnecessary, the presumption from the circumstances was that the proper formalities had been observed. And in *Wright* agt. *Rogers* (*L. R.*, *Probate and Divorce* [*vol.* 1], 678) the same was held where one of the subscribing witnesses was dead and the other testified that the witnesses did not sign in the presence of the testator.

There is an additional question to be examined, and that is whether, in view of the circumstances that the witness Fowler was produced upon the part of the proponent, the rule applies that as he was presented as a credible witness the proponent cannot ask for a finding in opposition to his uncontradicted testimony.

Under section 2618 of the Code of Civil Procedure the proponent was bound to examine the witness to the will. He was competent to testify on direct examination (*Trustees of Auburn Seminary* agt. *Calhoun*, 25 *N. Y.*, 425), though not upon the part of the contestants, as to transactions with the deceased. Where the law obliges one to call a witness he may be impeached (1 *Greenleaf on Evidence*, 443), and a party is at liberty to contradict the testimony of his own witness, though indirectly he may be impeached thereby (*Idem*).

Here the testimony of this witness is not sufficient to overthrow the presumption arising from the circumstances.

I do not, therefore, think this forms any objection to the conclusion to which I have arrived, which is that the instrument was properly executed and should be admitted to probate.