NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—June, 1884.

ROLLA v. WRIGHT.

*In the matter of the probate of the will of* SARAH A.
WRIGHT, *deceased*

Code Civ. Pro., § 2620, which provides that, "if all the subscribing wit-
nesses to a written will are dead . . . . . . . or if a subscribing wit-
ness has forgotten the occurrence . . . . . . . the will may, neverthe-
less, be established upon proof of the handwriting of the testator
and of the subscribing witnesses, and also of such other circumstances
as would be sufficient to prove the will upon the trial of an action."—
does not differ materially from the statutes which it replaces. Ac-
cordingly, the decisions construing the latter are applicable to the
former.

Upon an application for the probate of a will, it appeared that there was
appended to the instrument an attestation clause substantially recit-
ing the facts essential to due execution. Of one subscribing witness,
who was dead, the signature, together with that of the decedent, was
satisfactorily proved. The other witness, while identifying his sig-
nature, testified that he had no recollection, whatever, of the circum-
stances under which it was written, but was positive that he would
not have subscribed it to the clause in question, unless he had, at the
time, known each recital thereof to be true.—

*Held*, in the absence of circumstances throwing doubt or suspicion upon
the instrument propounded, that the same was entitled to be ad-
mitted to probate.

Orser v. Orser, 24 *N. Y.*, 51—compared.

APPLICATION for the probate of decedent's will, made
by Theodore Wright, executor therein named; opposed
by Mary Rolla and others, decedent's heirs at law. The
facts appear sufficiently in the opinion.

WM. G. McCREA, *for proponent.*

THEO. F. MILLER, *for contestants.*

THE SURROGATE.—An instrument purporting to be this decedent's last will and testament has been propounded for probate.   It is dated May 20th, 1864, and purports to be signed by Thomas J. Hall and Charles B. Coffin as subscribing witnesses. · Mr. Hall, formerly one of the firm of William Hall & Sons, music publishers in this city, is now dead.   His signature has been satisfactorily proved, and so also has that of the decedent herself. . Mr. Coffin, the other subscribing witness, is now engaged in the produce business, at No. 65 Pearl street.   While he fully identifies his own signature, he has no recollection whatever of the circumstances under which it was written ; but he is positive that he would never have put it upon this disputed paper unless he had known that every allegation in its attestation clause was true.   That attestation clause is in the words following :

"The above instrument was subscribed by the said Sarah A. Wright, in our presence and acknowledged by her to each of us, and she at the same time declared the above instrument so subscribed to be her last will and testament, and we, at her request, have signed our names as witnesses thereto.

New York, May 20, 1864.

C. B. COFFIN.

THOMAS J. HALL."

Section 2620 of the Code of Civil Procedure provides that "if all the subscribing witnesses to a written will are dead, . . . or if a subscribing witness has forgotten the occurrence, . . . . the will may, nevertheless, be established upon proof of the handwriting of the testator and of the subscribing witnesses, and

also of such other circumstances as would be sufficient to prove the will upon the trial of an action." This provision does not materially differ from that contained in chapter 460 of the Laws of 1837. The latter has often been under consideration by the courts of this State.

In Butler v. Benson (*1 Barb.*, *526*—1847), it was decided at the Washington Special Term of the Supreme court, that "when the witnesses are dead, or from lapse of time do not remember the circumstances attending the attestation, the law, after the diligent production of all the evidence then existing, if there are no circumstances of suspicion, presumes the instrument properly executed, particularly where the attestation clause is full."

In Nelson v. McGiffert (*3 Barb. Ch.*, *158*—1848) the same doctrine was maintained by the Chancellor.

It was again asserted by the Surrogate of this county, in Peebles v. Case (*2 Bradf.*, *226*—1852), and by the Madison General Term of the Supreme court, in Cheeney v. Arnold (*18 Barb.*, *434*—1854).

The facts in the case of Orser v. Orser (*24 N. Y.*, *51*—1861) were almost precisely like those with which we have here to deal. The attestation clause was full. There were two subscribing witnesses, one of whom had died before trial. His signature was proved, and, as in the case at bar, the body of the instrument was shown to be in his handwriting. The other witness was examined, but could not remember that the decedent declared the instrument there in question to be his will, or that he acknowledged his signature thereto. SELDEN, J., pronouncing the opinion of the court, said : "A will duly attested upon its face, the signatures to which are

all genuine, may be admitted to probate, although none of the subscribing witnesses are able to swear from recollection that the formalities required by the statute were complied with, and even although some of them should swear positively that they were not, if the other evidence warrants the inference that they were."

The court held that, upon the facts there appearing, the jury were warranted in finding the due execution of the will.

Moore v. Griswold (*1 Redf.*, *388*—1863) sustained the proposition that, in the absence of suspicious circumstances or contradictory evidence, proof of the signatures of the testator and of the deceased subscribing witnesses was sufficient to establish the execution of a will.

In Rider v. Legg (*51 Barb.*, *260*—1868) at the Rensselaer Special Term, a will was established upon proof of the signatures of the testator and of two subscribing witnesses, both of whom were dead.   There was a full attestation clause and an absence of circumstances calculated to arouse suspicion.   The court cited, with approval, some of the cases above named, as well as Brinckerhoof v. Remsen (*8 Paige*, *491*--1840); Chaffee v. Baptist Miss. Conv. (*10 Paige*, *85*—1843); Everitt v. Everitt (*41 Barb.*, *385*—1864); and Lawrence v. Norton (*45 Barb.*, *448*—1866).

In the Matter of Kellum (*52 N. Y.*, *517*—1873), Chief Judge CHURCH, pronouncing the opinion of the court, declared that, whenever the attestation clause is full, and the signatures are satisfactorily proved, and the circumstances are corroborative of due execution, and there is no evidence disproving a compliance (with the

requirements of the statutes); it may be justly presumed that all those requirements have been observed, "although the witnesses are unable to recollect the execution, or what took place at the time."

In Brown v. Clark (*77 N. Y., 369*—1879), in Rugg v. Rugg (*83 N. Y., 592*—1881), and in Matter of Pepoon (*91 N. Y., 255*—1883), the Court of Appeals reasserted the proposition that, where a will contained a full attestation clause, the mere non-recollection of a witness in respect to the circumstances of its execution would not justify a finding that the statutory requirements had been disregarded.

Upon the authorities which I have cited, and in the absence of any circumstances throwing doubt or suspicion upon the genuineness of the instrument here propounded, I hold that the instrument is entitled to probate.

A decree may be entered accordingly.