### *In re* LISSAUER'S WILL.

(*Surrogate's Court, New York County.* February 11, 1889.)

WILLS—PROBATE—PROOF OF COMPETENCY.
     Under Code Civil Proc. N. Y. § 2623, which provides that "if it appears to the surrogate that the will was duly executed, and that the testator, at the time of executing it, was in all respects competent to make a will, and not under restraint, it must be admitted to probate as a will valid to pass real property or personal property, or both, as the surrogate determines," where the surrogate is unable to decide from the evidence reported by his assistant whether the testator was competent, probate will not be granted on such report, but the proceeding will be sent to a jury, or heard *de novo* by the surrogate.

Application for the probate of the will of Zetta Lissauer, deceased.
     *J. E. Newburger*, for proponent. *A. H. Berrick* and *John Fennell*, for contestant.

RANSOM, S. Section 2623 of the Code of Civil Procedure provides: "If it appears to the surrogate that the will was duly executed, and that the testator, at the time of executing it, was in all respects competent to make a will, and not under restraint, it must be admitted to probate as a will valid to pass real property or personal property, or both, as the surrogate determines." The rule of decision in this state is that, if there be a reasonable doubt whether one or more of the directions of the statute have not been complied with, probate must be refused, even though it appear probable that the paper expresses the testator's intention. *Seminary* v *Calhoun*, 25 N. Y. 422; *Rider* v. *Legg*, 51 Barb. 260; *Nexsen* v. *Nexsen*, 3 Abb. Dec. 360.
     I am unable to decide from the evidence taken and reported to me for my consideration by the assistant whether the testatrix, at the time of executing the paper propounded as her last will, was "competent to make a will." The rule on this point was stated by Baron PARKE in a case decided by the judicial committee of the privy council of England, upon appeal from the prerogative court. *Barry* v. *Butlin*, 1 Curt. Ecc. 637. He says: "The rules of law according to which cases of this nature are to be decided  *  *  *  are two: the first that the *onus probandi* lies, in every case, upon the party propounding a will, and he must satisfy the conscience of the court that the instrument so pro-

pounded is the last will of a free and capable testator. * * *" This is the rule in this state. *Crispell* v. *Dubois*, 4 Barb. 397; *Delafield* v. *Parish*, 25 N. Y. 34; *Kingsley* v. *Blanchard*, 66 Barb. 317; *Rollwagen* v. *Rollwagen*, 63 N. Y. 504; *Lake* v. *Ranney*, 33 Barb. 49. Lord BROUGHAM, in *Panton* v. *Williams*, 2 Curt. Ecc. 530, said, in substance, that it is not the duty of the court to strain after probate, nor in any case to grant it, where grave doubts remain unremoved, and great difficulties oppose themselves to so doing. This doctrine was approved in *Delafield* v. *Parish, supra*. In *Rollwagen* v. *Rollwagen, supra*, the court of appeals said: "Ordinarily, when a testator subscribes and executes a will in the mode required by law, the fact of such subscription and execution are sufficient proof that the instrument speaks his language and expresses his will; but when a testator is deaf and dumb, or unable to read or write and speak, something more is demanded. There must then not only be proof of the *factum* of the will, but also that the mind of the testator accompanied the act, and that the instrument executed speaks his language, and really expresses his will." In 1 Jarman on Wills, p. 29, it is said "that in proportion as the infirmities of the testator expose him to deception, it becomes imperatively the duty, and should be anxiously the care, of all persons assisting in the testamentary transaction, to be prepared with the clearest proof that no imposition has been practiced, but that the testator did in fact fully understand every portion of the paper which he executed as his will." See, also, *Weir* v. *Fitzgerald*, 2 Bradf. Sur. 42.

It is probable that the doubt in my mind would be removed if the witnesses were to testify in my presence. The learned assistant has conducted the proceedings before him with great caution, and has aided counsel to bring out all the facts. But the manner of the witnesses in testifying, their appearance on the witness stand, are unknown to me, and, in a proceeding where there is such sharp conflict of evidence, I must have the advantage of seeing and hearing the witnesses. I cannot determine as to the capacity of the testatrix at the time she executed the paper propounded. The question is, did the testatrix, at the time of executing the paper propounded, comprehend its meaning? Was she then capable of knowing what she was doing? I think I may lawfully transfer this proceeding to the court of common pleas, for the purpose of a jury trial. Section 2547, Code. However, I do not now decide upon that. I do hold that the proceeding must go to a jury, or that it must be tried before me *de novo*. I will hear counsel on the opening of court the 11th instant.