John J. Dillon, S.
The petitioner has offered for probate a two-page instrument consisting of a printed form of the type that is commonly sold in stationery stores. Said instrument is dated March 29, 1954 and the dispositive provisions thereof are typewritten in the blank spaces provided for on the first page. The second page of the instrument contains a designation of executors, the signature of the decedent and of each of the three witnesses, and a printed form of attestation clause containing the usual recitals in which has been typewritten the name of the decedent. Immediately below the attestation clause and in the space provided therefor, there appear the signatures and addresses of the three subscribing witnesses whose testi *1003 mony has been taken pursuant to section 141 of the Surrogate’s Court Act.
All of the three witnesses identified their own signatures as well as that of the decedent, and testified that they had signed such instrument at the request of the decedent, in his presence and in the presence of each other. One of the witnesses testified that she was asked by the decedent, “ Do you want to look at it?” (referring to the instrument), and she thereupon replied, “ No, Pop, it is none of my business ”. The witnesses further testified that the decedent was of sound mind, memory and understanding; that he was not under any restraint at the time he executed the instrument, or in any respect incompetent to make a will. However, all three witnesses testified that the decedent failed to declare the propounded instrument to be his last will and testament, and one of the witnesses stated that she did not even know what the nature of the instrument was. However, the testimony of the two remaining witnesses establishes that they knew that they were witnessing a will. One of such witnesses, in answer to a question stated that he had “ a slight idea that it might be one and the other witness stated, “ Well, to be honest, I assumed it was a will”. The attestation clause expressly states that the instrument “ was declared by the said testator to be his last will and testament ’ ’. It is well settled that a properly worded attestation clause ‘ ‘ is always some proof of the due execution of the will ”. (Matter of Nelson, 141 N. Y. 152.) Moreover, the requirement of publication need not assume any particular form, but can be communicated by signs and conduct as well as by words. (Lane v. Lane, 95 N. Y. 494; Matter of Hunt, 110 N. Y. 278; Matter of Mullenhoff, 278 App. Div. 963; Matter of Dybalski, 199 App. Div. 677, affd. 234 N. Y. 510.) In Matter of Sizer (129 App. Div. 7, affd. 195 N. Y. 528) the court, in a decision by Gayxor, J., stated at page 9: “ There is no requirement of an attestation clause, but it is nevertheless recognized as evidence by the courts, and received, when necessary, and after proof of the signatures of the testator and the subscribing witnesses, as prima facie evidence of the facts certified by it.”
The petitioner thus having made out a prima facie case by the presence of an attestation clause and by having proved the signatures of the decedent and the subscribing witnesses, the issue to be determined is whether or not the testimony of the subscribing witnesses constitutes sufficient evidence to overcome the prima facie case. The statutory requirement of publication is in order to prevent fraud, and compliance with such requirement assurer that the testator is familiar with the
*1004 instrument he is executing, and that the witnesses realize the importance of their act and the duties incident thereto. (Matter of Pulvermacher, 305 N. Y. 378.) In Matter of Pepoon (91 N. Y. 255) the court in a decision by Miller, J., stated at page 260: “ Although the witnesses may not have established a case strictly within the requirements of law, yet their testimony strongly tended to sustain the validity of the execution of the will, and the attestation clause being perfect it is not apparent how it can properly be claimed that the will was not sufficiently proved. If the witnesses had been dead it could have been proved according* to the provisions of the statutes of this State. The proof given established a stronger case than could have been made out if the witnesses were not living. Under such circumstances it would be going very far to hold that the will was not lawfully proved, and no reported case would uphold such a decision.”
The court finds that the attestation clause and the proof of the signatures of decedent and the three witnesses, coupled with the testimony of two of the three witnesses that they were aware of the fact that the instrument which they were witnessing was a will, sufficiently complies with the provisions of section 21 to warrant admitting the propounded instrument to probate as the last will and testament of decedent and, accordingly, such instrument is admitted to probate.
Submit decree.