John D. Bennett, S.
In this probate proceeding objections have been filed by decedent’s son to the probate of the propounded instrument.
The first objection is to the manner of the execution of the alleged will. The paper presented for probate contains the signatures of three witnesses and also an attestation clause. At the hearing in this matter, all three witnesses appeared and *268 testified on direct examination to the due execution of the alleged will. On cross-examination, counsel for the contestant attacked the credibility of these witnesses by questioning them and placing in evidence sworn statements signed by each of the witnesses, to the effect that the witness did not remember and could not state whether decedent signed in his presence or before the witness arrived, or after he left, or whether, in fact, decedent signed the paper at all. However, each of the statements does indicate that decedent asked that the individual sign as a witness, and that he did sign along with the other two as witnesses.
The only question raised by the cross-examination of the witnesses, and by the prior sworn statements, is why the witnesses could recall the decedent signing the alleged will in their presence on December 19, 1961, and January 2, 1962, during which time the hearings in this matter were held, when on the date of the sworn statements, October 20, 1960, they indicated they could not remember whether decedent signed in their presence or not. After hearing the testimony of the witnesses and observing them at the hearing in this matter, the court feels that their testimony, together with the attestation clause, is sufficient to establish due and proper execution of the alleged will. Poor memory alone on the part of the witnesses is not a sufficient ground to deny probate where the instrument contains an attestation clause and where the signatures of the decedent and witnesses are proven (Matter Santangelo, 10 Misc 2d 1002; Matter of Pepoon, 91 N. Y. 255). The proof offered in this case establishes the signatures of the decedent and the witnesses on the propounded instrument. In addition, the court finds that the testimony of the witnesses at the hearing is sufficient, and tends to prove the due and proper execution of the will.
The witnesses also testified that the execution of the propounded instrument was attended by decedent’s attorney, who is the proponent and executor named in the alleged will. Said attorney was present at the hearings, but failed to testify as a witness. The contestant claims that the failure of the attorney to testify leads to the inference that his testimony might well have been unfavorable. Under the facts of this case, where the evidence is clear as to the relevant circumstances surrounding the execution of the alleged will, the court will not infer that the attorney’s testimony might be unfavorable from the fact that he did not testify as a witness at the hearings. The first objection is, therefore, dismissed.
The second objection to the probate of the alleged will by the contestant is based upon a mistake, and claims that decedent *269 never intended making a will without making provision for the contestant. No proof has been offered to support this claim and accordingly this objection is dismissed.
The third objection by contestant relates to the meaning of a portion of the alleged will which states: “ I intentionally make no other provision for any children hereafter born to me or adopted by me or for any other issue of mine. ’ ’ The interpretation of this portion of the alleged will does not affect the probate. This objection is dismissed, without prejudice to any rights contestant may have to present this question in a proper proceeding.
The propounded instrument is admitted to probate as the last will and testament of the decedent, and the executor named therein will be appointed upon duly qualifying according to law.