mentioned shall be paid in full and all taxes or other charges on said bequests shall be paid * * * out of my residuary estate." If the estate was only large enough, in the first instance, to pay the specific legacies, of course, there would be no residue to distribute. Such is now the case, and that order of payment provided by the testator seems to me to be the only one to be administered by the courts.

If I am right, it follows that the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellants to abide the event.

PATTERSON, P. J., and McLAUGHLIN and HOUGHTON, JJ., concur.  SCOTT, J., dissents.

---

### In re SIZER'S WILL.

(Supreme Court, Appellate Division, Second Department.  November 27, 1908.)

1. WILLS (§ 121*)—EXECUTION—ATTESTATION—PRESENCE OF WITNESSES.
   A will need not recite that the subscribing witnesses signed in the presence of each other.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 318; Dec. Dig. § 121.*]

2. WILLS (§ 115*)—WITNESSES—NUMBER.
   Wills need only be attested by two witnesses; but the signature of a third witness would not affect its validity.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 280; Dec. Dig. § 115.*]

3. WILLS (§ 303*)—PROBATE—WEIGHT OF EVIDENCE—TESTIMONY OF THIRD WITNESS.
   While the signature of a third attesting witness would not affect the validity of a will, it being unnecessary, his testimony on probate, which contradicted the recitals in the attestation clause, should be considered on the weight of the whole evidence offered to show the execution of the will.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 714; Dec. Dig. § 303.*]

4. WILLS (§ 294*)—PROBATE—HEARING.
   While the execution of a will may be proved by any competent evidence, on probate Code Civ. Proc. § 2618, requires the surrogate to examine at least two subscribing witnesses, unless they be dead, absent from the state, or otherwise incompetent.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 684; Dec. Dig. § 294.*]

5. WILLS (§ 293*)—PROBATE—ADMISSIBILITY—EXECUTION.
   Under Code Civ. Proc. § 2620, providing that, though a subscribing witness has forgotten the occurrence, the will may nevertheless be established upon proof of the signature of testator and the subscribing witnesses, and all such other circumstances as would be sufficient to prove it in an action, where the subscribing witnesses did not remember signing it, but acknowledged their signatures, and testator's signature was proved, any other evidence, direct or circumstantial, could be received to prove the will.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 666; Dec. Dig. § 293.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

6. WILLS (§ 121*)—EXECUTION—ATTESTATION CLAUSE—NECESSITY.
　　　An attestation clause is not essential to the validity of a will.
　　　[Ed. Note.—For other cases, see Wills, Cent. Dig. § 318; Dec. Dig. §
　　　121.*]

7. WILLS (§ 121*)—PROBATE—EVIDENCE—WEIGHT—UNNECESSARY ATTESTATION
　　　CLAUSE.
　　　An attestation clause, though unnecessary to the will, is, on proof of the
　　　signatures of testator and the subscribing witnesses, prima facie evidence
　　　of the facts certified therein.
　　　[Ed. Note.—For other cases, see Wills, Cent. Dig. § 318; Dec. Dig. §
　　　121.*]

8. WILLS (§ 303*)—PROBATE—SUFFICIENCY OF EVIDENCE—EXECUTION.
　　　Though all the subscribing witnesses testify to a lack of the requisite
　　　statutory formalities, the other evidence may be sufficient to show com-
　　　pliance therewith, so as to establish the will.
　　　[Ed. Note.—For other cases, see Wills, Cent. Dig. § 711; Dec. Dig. §
　　　303.*]

9. WILLS (§ 302*)—PROBATE—EVIDENCE—SUFFICIENCY.
　　　In a will contest, the testimony, in connection with the prima facie
　　　case made by the recitals in the attestation clause and proof of the sig-
　　　natures of the testator and subscribing witnesses, *held* to show the execu-
　　　tion of the will pursuant to the statutory formalities.
　　　[Ed. Note.—For other cases, see Wills, Cent. Dig. § 700; Dec. Dig. §
　　　302.*]

10. WILLS (§ 386*)—PROBATE—REVIEW—CONCLUSIVENESS OF JUDGMENT.
　　　The surrogate's judgment, based upon a finding that a will was exe-
　　　cuted pursuant to the statutory formalities, will not be disturbed on ap-
　　　peal, unless clearly against the preponderance of the evidence.
　　　[Ed. Note.—For other cases, see Wills, Cent. Dig. § 859; Dec. Dig. §
　　　386.*]

Appeal from Surrogate's Court, Kings County.

In the matter of the probate of the last will and testament of Nelson
Buell Sizer, deceased. From a decree admitting the will to probate,
contestant appealed. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and
MILLER, JJ.

William E. Cook, for appellant.

George E. Brower (Stockbridge Bacchus, on the brief), for re-
spondent.

GAYNOR, J. There are three subscribing witnesses to the will
and a full attestation clause, which also certifies to the unnecessary
fact that the witnesses signed in the presence of each other. From the
date of the will to the hearing on the probate was eight years and
seven months. The first and second witnesses testified that they had no
recollection of signing the will, or of being asked to, or of anything
connected with it, but acknowledged their signatures to be genuine.
The witness who signed last (the third witness) testified that the
testator came to his house and asked him to go across the street to his
drug store and witness his signature, and that he went and signed a
paper under the names of the two preceding witnesses; that he did not
know what the paper was, and that the testator did not say. He does

not give the date of this occurrence. How long it was after the other witnesses signed, or even whether it was the same day, does not appear. He says he saw one of the other witnesses in the back part of the drug store, but did not see the other. Only the testator and himself were present when he signed. The signature of the testator was proved, and also that the will was his holograph, except that it was on a printed blank.

Was there evidence of the execution of the will with the formalities required by statute? This must be answered in the affirmative. The third witness may be left out of consideration on this head, for the will had the requisite number of witnesses before it was signed by him. The isolated after-occurrence with him could neither add to nor detract from what had already been done. If the will was then valid, his act of signing it did not invalidate it. On the question of the weight and preponderance of evidence at the close, the testimony of this third witness has to be considered, but there is now under consideration only the question whether there was any evidence of due execution.

In the trial of an action a will, i. e., that the statutory formalities were complied with, may be proved by any competent evidence, direct or circumstantial, subject to its admissibility under the common law rules of evidence. But on probate the surrogate has to follow the method of proof prescribed by statute (Code Civ. Proc. § 2618). He must examine at least two subscribing witnesses to the will, excepting witnesses shown to be dead, absent from the state, insane or otherwise incompetent. But while the statute requires certain formalities in the execution of a will, it does not require that such formalities must be proved by the testimony of the subscribing witnesses to the will in order that the will may be probated. It provides that:

"If all the subscribing witnesses to a written will are, or if a subscribing witness, whose testimony is required, is dead, or incompetent, by reason of lunacy or otherwise, to testify or unable to testify; or if such a subscribing witness is absent from the state; or if such a subscribing witness has forgotten the occurrence, or testifies against the execution of the will; the will may nevertheless be established, upon proof of the handwriting of the testator, and of the subscribing witnesses, and also of such other circumstances, as would be sufficient to prove the will upon the trial of an action." Code Civ. Proc. § 2620.

In the present case, therefore, the surrogate was permitted, the recollection of the subscribing witnesses failing, to resort to such other evidence as is receivable in an action. He had before him a full attestation clause, and proof of the signatures of the testator and the subscribing witnesses. Was this alone evidence of the execution of the will with the formalities required by law? It was. There is no requirement of an attestation clause, but it is nevertheless recognized as evidence by the courts, and received, when necessary, and after proof of the signatures of the testator and the subscribing witnesses, as prima facie evidence of the facts certified by it. On examining the cases in this state, it will be found that many of them say that the attestation clause, with proof of the signatures of the testator and the witnesses, "and other facts and circumstances" proved in the par-

ticular case, sufficed for the probate of the will; but from this the negative that such clause and proof of signatures alone would not have made out a prima facie case, and upheld the probate, must not be drawn. The discussion in such cases was upon the weight and preponderance of evidence at the close, and all of the evidence for was being massed against all against; while for the moment, only the question of a prima facie case is being now considered. Though the cases are few in this state where the court was called upon to say and did say that the attestation clause with proof of the signatures was alone evidence of formal execution, or made out a prima facie case, an analysis of all cases in this state will show that rule to be generally recognized; and there is abundance of authority for it elsewhere, in England and in our states. The case justifies a full citation of authorities. Matter of Nelson, 141 N. Y. 152, 36 N. E. 3; Matter of Duffy, 127 App. Div. 174, 111 N. Y. Supp. 491; Butler v. Benson, 1 Barb. 526; Chaffee v. Baptist Missionary Convention, 10 Paige, Ch. 85, 40 Am. Dec. 225; Potter v. McAlpine, 3 Dem. 108; Norton v. Norton, 2 Redf. Sur. 6; Walsh v. Walsh, 4 Redf. Sur. 165; Woodhouse v. Balfour, 13 Prob. Div. 2; Vinnicombe v. Butler, 13 Weekly Rep. 392; Underwood v. Thurman, 111 Ga. 325, 36 S. E. 788; Thompson v. Owen, 174 Ill. 229, 51 N. E. 1046, 45 L. R. A. 682; In re Kohley, 200 Ill. 189, 65 N. E. 699; Allaire v. Allaire, 37 N. J. Law, 312; Elkinton v. Brick, 44 N. J. Eq. 154, 15 Atl. 391, 1 L. R. A. 161; Orser v. Orser, 24 N. Y. 51; Willis v. Mott, 36 N. Y. 486; Jackson v. Jackson, 39 N. Y. 153; Brown v. Clark, 77 N. Y. 369; Rugg v. Rugg, 83 N. Y. 592; Matter of Probate of Will of Pepoon, 91 N. Y. 255; Matter of Will of Cottrell, 95 N. Y. 329; Matter of Bernsee, 141 N. Y. 389, 36 N. E. 314; Wyman v. Wyman, 118 App. Div. 109, 103 N. Y. Supp. 64; Matter of Sears, 33 Misc. Rep. 141, 68 N. Y. Supp. 363. The case of Woolley v. Woolley, 95 N. Y. 231, in which it was held that probate could not be allowed on the attestation clause and proof of the signatures alone in opposition to the positive testimony of all of the subscribing witnesses of the lack of an essential formality, has not been overlooked. It is to be observed that the discussion there was as to the weight and preponderance of evidence at the close, and not as to whether an attestation clause with proof of the signatures is evidence of due execution, i. e., makes out a prima facie case for probate. But let us suppose that there was other evidence in that case showing that the subscribing witnesses testified falsely—the testimony, say of other persons who were present at the execution—would the evidence of the subscribing witnesses then have sufficed to offset or outweigh the evidence of the attestation clause? How could it if it were proved untrue and disbelieved by the surrogate? It would not do so in the trial of an action, and that is made the test in the Surrogate's Court by statute, as has already been seen. Though all of the subscribing witnesses testify to a lack of statutory formalities, there may be even overwhelming evidence that they were complied with, in which case compliance with the formalities is proved, and therefore the will is proved, whether in the Surrogate's Court or in a court of law, for the rule in such a case is the same in each.

Consideration of the case is now come to the question of the weight and preponderance of the evidence at the close. The attestation clause, with proof of the signatures, having made out a prima facie case, was it overcome by opposing evidence? There was none, except the testimony of the third subscribing witness. As has already been said, what occurred when he was called in cannot invalidate what had already been completed. Moreover, the surrogate may well have disbelieved him for it is hard to throw off the strong impression from his evidence, and that of the other two subscribing witnesses that they could remember nothing, not even the signing of their names, that there was a conspiracy to destroy the will. But if he be believed, it is argued that it is a fair inference that the testator was as informal and secretive with the other two witnesses as with him. It is also argued that since the will made the testator's housekeeper his executor and residuary legatee and devisee, he would naturally conceal from the subscribing witnesses that the paper they were witnessing was his will; and this although his wife was dead, and he had no children or descendants; and in any case was not required to reveal the contents of the will. These things were to be considered, no doubt, but it cannot be said here that they should have outweighed in the surrogate's mind the said evidence which made out a prima facie case for probate. His judgment is not to be reversed unless it can be seen here that it was clearly against the preponderance of the evidence.

The decree should be affirmed.

Decree of the Surrogate's Court of Kings county affirmed, with costs. All concur.