<hr>

(87 Misc. Rep. 569)

### In re REYNOLDS' ESTATE.

(Surrogate's Court, New York County. November 24, 1914.)

1. WILLS (§ 302*)—EXECUTION—TESTIMONY—SUFFICIENCY.

Testimony of the surviving attesting witness to a will containing a defective certificate of attestation, because omitting the word "him," so that it does not conclusively appear from the certificate that it was testator who published the will, that he drafted and prepared the will in the course of his professional employment by testator, that he recognized his own signature attesting the will, that he recollected testator signing it in his presence, and recognized testator's signature to the paper propounded, that it was the only will the witness ever prepared for testator, that he did not remember the place of execution, nor the presence of the deceased attesting witness, and proof of the signature of the deceased attesting witness, establish a prima facie case of due execution of the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 575, 581, 700–710; Dec. Dig. § 302.*]

2. WILLS (§ 289*)—EXECUTION—CONTEMPORANEOUS WRITTEN CERTIFICATE OF ATTESTATION—EFFECT.

A contemporaneous written attestation in proper form, signed by the attesting witnesses, whose signatures are proved, affords in itself the presumption of regularity in the execution of the will, though a surviving attesting witness cannot recall the facts stated in the certificate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 653–661; Dec. Dig. § 289.*]

Proceedings for the probate of the will of Patrick Reynolds, deceased. Decree for probate ordered.

Michael J. Scanlan, of New York City, for proponent.
Edmund Fletcher Driggs, of Brooklyn, for contestant.

FOWLER, S. The probate of the will, dated June 1, 1899, is contested, and the proper execution of the paper propounded is formally put in issue by the contestant. The case has been elaborately argued for the contestant.

[1] It appeared on the hearing that one of the attesting witnesses, Mr. Baker, is dead; the surviving attesting witness, a lawyer and the draftsman of the will, was sworn, and testified substantially that he had no independent recollection of the circumstances attending the execution of the will. The certificate of attestation annexed to the

<hr>

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

paper in court is very slightly defective, in that it omits the pronoun "him," so that it does not conclusively appear therefrom that it was the testator who published the will. The certificate does not refresh the recollection of the surviving witness on that point. If any celebration of the will occurred, it was on the day of its date, some 14 years ago. The will is in the handwriting of the surviving attesting witness, who drafted and prepared it in the course of his professional employment by testator. This witness recognizes his own signature attesting the will. He recollects also the testator's signing a will in his presence, and he recognizes the testator's signature to the paper propounded, and states that it is the only will the witness ever prepared for testator. Thus in reality he recollects the testator's act of subscription. Witness testified that he was paid for his professional services in and about the making of the will offered, and he has no doubt that all the legal forms were complied with, but he has no independent recollection. He remembers neither the place of execution, nor the presence of the now dead attesting witness, nor does he identify the signature of such other witness. He, however, states that the omission of the pronoun "him" in the certificate of attestation was his own clerical error. He does not recall reading the attestation certificate aloud in the presence of the testator or the other attesting witness. His testimony, standing alone, is insufficient to entitle the paper to probate. It is, however, important in this matter to notice that the forgetful witness testifies to nothing which makes against the validity of the execution of the paper propounded. All he testifies to makes for such validity. The verity of the signature of the attesting witness, now dead, was, however, duly established by independent testimony.

[2] A contemporaneous written certificate of attestation in proper form of law, signed by the attesting witnesses, whose signatures are otherwise proved, affords in itself a presumption of regularity of the execution of a will, even though the witness cannot recollect the facts stated in the certificate. Matter of Sizer, 129 App. Div. 7, 9, 113 N. Y. Supp. 210; Matter of Will of Kellum, 52 N. Y. 517. Even in the absence of an attestation clause, a will may from other circumstances be presumed to have been duly executed. Matter of Abel, 136 App. Div. 788, 791, 121 N. Y. Supp. 452; Dack v. Dack, 84 N. Y. 663, 665. If this last is the proper inference or presumption, in the absence of any certificate, as it undoubtedly is, a certificate so slightly defective as that annexed to the will now here is unquestionably presumptive evidence of regularity of execution, when it is proven, as here, to be defective only by reason of a clerical error or omission on the part of the draftsman of the will.

There being no testimonial evidence, or any other evidence, to contradict the presumptive or prima facie case made for the will, and the paper having been proved to have been last in the testator's own custody, the decree must be for probate.