In the Matter of the Estate of ANDREW BROWN, Deceased.

Surrogate's Court, Albany County, May 10, 1932.

*Morris P. Cohen*, for the proponents.

*John J. O'Connor* [*Oliver J. Flynn* of counsel], for the contestants.

SCHENCK, S. Objections have been filed to the probate of the will of decedent, alleging that the instrument offered is not the last will and testament of testator; that testator was not of sound mind and memory at the time of its execution and that the execution of the paper was obtained by undue influence.

There is nothing in the evidence to indicate the failure of proper execution. The instrument was executed under the supervision of an attorney, which fact alone bears a strong presumption of compliance with statutory requirements. (*Matter of Nelson*, 141 N. Y. 152; *Matter of Cottrell*, 95 id. 329.)

As to the question of undue influence, the burden of proof is upon the contestant. It is an affirmative assault on the validity of the will and the burden does not shift, but remains with the party who asserts it. (*Matter of Kindberg*, 207 N. Y. 220.) The elements of undue influence are motive, opportunity and the exercise of the act upon the testator. That the party benefited by the will had the motive and the opportunity to exert such influence is not sufficient; there must be evidence that he did exert it and did so control the actions of the testator either by importunities which he could not resist or by deception, fraud or other improper means; that the instrument is not truly the will of the testator.

It is not for the court to judge of the justice of the terms of the will, for while the character of the provisions may be considered in connection with other evidence in trying the question of undue influence, it is not in itself evidence of such influence. Therefore, however partial or unjust the testator may seem to have been in his testamentary disposition, if the instrument propounded is actually his will, effect must be given to it. (*Cudney* v. *Cudney*, 68 N. Y. 148; *Dobie* v. *Armstrong*, 160 id. 584.)

The contestants have failed to sustain the burden of showing that the influence of another person or of other persons, exerted at the time the will was made, was so potent as to take away and overcome the power of the testator at that time to act freely and upon his own volition. (*Matter of Powers*, 176 App. Div. 455; *Matter of Fleischmann*, Id. 785.)

The remaining question for the consideration of the court is that of the testamentary capacity of the testator. This paper here propounded for probate may be classed as a deathbed will and was executed on December 28, 1931, at a time when testator was seriously ill with pneumonia. He died two days later, on December 30, 1931.

The evidence shows that prior to his last illness testator had been engaged in the grocery business in the city of Albany. At his demise he left him surviving several nephews and nieces; one of said nieces, Fanny Loprest, and her husband, Luigi Loprest, being named as the sole beneficiaries and as the executors in the alleged will. There is a sharp conflict of evidence as to the condition of the testator during the few days of his illness immediately prior to his death. As trier of the facts, I am convinced that the testator had the necessary capacity to make a will on the day and at the time when the instrument here offered for probate was executed. The fact that the testator was upon his deathbed when he executed the instrument is not a sufficient argument against its validity. (*Matter of Knight*, 87 Misc. 577, 581; *Matter of King*, 89 id. 638.)

The testimony of the subscribing witnesses, one a practicing attorney, and the testimony of the attending physician indicates to me that the testator had the necessary testamentary capacity to make a will and did, at the time of the execution of the instrument here propounded, make such will. There is no proof of delirium incidental to sudden pneumonia resulting in the suspension of coherent conversational capacity. (*Matter of Tehan*, 217 App. Div. 671.) Unquestionably, the testator was seriously ill at the time of the execution of the instrument and died two days thereafter, but, from the evidence, I am convinced that he was possessed of

sufficient comprehension at the time of the act of testamentation to enable him to comprehend the existence and the extent of his property; to remember the persons who were or might be dependent upon him or who were or might be the natural objects of his bounty and to decide, intelligently, as to the propriety of his benefactions to them.

The paper propounded, which bears date the 28th day of December, 1931, will be admitted to probate as the last will and testament of Andrew Brown and a decree may be entered accordingly.