ANNIE L. HAMER and J. WESLEY HAMER, Suing as. Individuals and as Stockholders of THE RIDGEWOOD GROVE SPORTING CLUB, INC., and PALMETTO AMUSEMENT CORPORATION in Behalf of Themselves and All Other Stockholders Similarly Situated, Respondents, v. ISAAC T. FLATTO, HAROLD FLATTO, ANDREW KIEFER, THE RIDGEWOOD GROVE SPORTING CLUB, INC., and PALMETTO AMUSEMENT CORPORATION, Appellants, and VAN SMITH, Defendant.— Order dated January 7, 1937, denying, except in so far as it is for an extension of time to answer, the motion of certain defendants to dismiss the complaint pursuant to subdivision 5 of rule 106 of the Rules of Civil Practice; to compel plaintiffs to separate the alleged causes of action pursuant to rule 102 of the Rules of Civil Practice; to strike out certain paragraphs of the complaint pursuant to rule 103 of the Rules of Civil Practice, and for other relief, affirmed, with ten dollars costs and disbursements, with leave to the moving defendants to answer within ten days from the entry of the order hereon. Appeal from order dated February 9, 1937, denying motion for a rehearing and reargument dismissed. No opinion. Lazansky, P. J., Carswell, Davis, Johnston and Close, JJ., concur.

In the Matter of Supplementary Proceedings: FLORENCE BARNARD, Respondent, v. PHILIP E. BARNARD, Appellant.— Final order of the County Court of Suffolk county adjudging defendant in contempt affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Davis and Close, JJ., concur.

In the Matter of Proving the Last Will and Testament of MARY REINBOTH, Deceased. CHARLES REINBOTH and HARRY REINBOTH, Appellants; LOTTIE NUNAMANN, Respondent.— Decree of the Surrogate's Court of Richmond county denying probate to an instrument propounded as the last will and testament of Mary Reinboth, deceased, reversed on the law and the facts and a new trial ordered, with costs to the appellants, payable out of the estate. The court did not give sufficient weight to the attestation clause and, in any event, should have granted the proponents' application for a continuance to enable them to obtain further proof of the signature of the deceased. (*Matter of Sizer*, 129 App. Div. 7, 9; affd., 195 N. Y. 528; *Matter of Abel*, 136 App. Div. 788; *Matter of Levy*, 235 id. 819; Surr. Ct. Act, § 142.) Lazansky, P. J., Hagarty, Carswell, Davis and Close, JJ., concur.