In the Matter of the Probate of the Will of ANNIE KATZ, Deceased.

DAVID READER et al., Appellants; HERMAN KATZ et al., Respondents.

Argued February 28, 1938; decided April 12, 1938.

*John P. Hurley* and *Emil N. Baar* for appellants. The reading of the attestation clause by one of the subscribing witnesses at the request of the testatrix and in her presence and in the presence of the other subscribing witness was a sufficient request by the testatrix to the subscribing witnesses to sign. (*Coffin* v. *Coffin,* 23 N. Y. 1; *Matter of Cottrell,* 95 N. Y. 329; *Auburn Seminary* v. *Calhoun,* 25 N. Y. 422.)

*Ira H. Ruben* and *A. Louis Kiebel* for Herman Katz, respondent. The evidence amply sustains the Surrogate's decree and his findings. (*Lewis* v. *Lewis,* 11 N. Y. 220; *Matter of Rapp,* 194 App. Div. 88; *Matter of McDonough,* 201 App. Div. 203; *Matter of Turell,* 166 N. Y. 330; *Woolley* v. *Woolley,* 95 N. Y. 231; *Matter of Beckett,* 103 N. Y. 167; *Matter of Andrews,* 162 N. Y. 1.) The Surrogate performed all duties required by law and made every effort to sustain the will. (*Matter of Schillinger,* 258 N. Y. 186.)

*Martin Gollubier,* as special guardian for Clifford Reader, an infant, respondent. The proponent has not sustained the burden of proof. (*Rollwagen* v. *Rollwagen,* 63 N. Y. 504; *Matter of Schillinger,* 258 N. Y. 186.) The doctrine of substantial compliance should in this instance yield to the intent of the Legislature in requiring certain formalities to be observed to make a will effective. (*Gilbert* v. *Knox,* 52 N. Y. 125; *Matter of Andrews,* 162 N. Y. 1; *Matter of O' Neill,* 91 N. Y. 516.)

HUBBS, J. In this proceeding in Surrogate's Court for the probate of a will, probate was denied " because there is no proof that the attesting witnesses signed ' at the request of the testator.' " The learned Surrogate filed a written decision denying probate and thereafter a decree based upon such written decision and referred to therein.

It is apparent from a reading of the decision and decree that the Surrogate based his conclusion upon the ground

that the statute, section 21 of the Decedent Estate Law (Cons. Laws, ch. 13) required positive direct testimony that the testatrix requested each of the subscribing witnesses to sign " at the end of the will." The law of this State seems to be settled to the contrary. It has been decided that a will may be admitted to probate even though the witnesses may have no recollection that a testator requested them to sign as witnesses.

The facts that their genuine signatures appear on the will at the proper place, that the will bears an attestation clause, that the signature of the testator is established, and that all of the facts surrounding the execution of the will tend to prove that the witnesses signed at the request of the testator, may clearly establish the fact that the witnesses signed at the testator's request and entitle the will to probate. (*Matter of Cottrell*, 95 N. Y. 329; *Trustees of Theological Seminary* v. *Calhoun*, 25 N. Y. 422, and note; *Matter of Nelson*, 141 N. Y. 152.)

The testimony in the case at bar upon the question of testatrix's request of the witnesses to sign is confusing and unsatisfactory. There is, however, abundant evidence from which the Surrogate could have found as a fact that such request was made had he not been laboring under the misapprehension that the proof of a request to sign must be established by unequivocal testimony. It appears that testatrix went to her attorney's office and instructed him to draw the will; that when the attorney's clerk appeared at testatrix's home and stated that he was there for the attorney, she stated, " I know; " that she asked to have the will read and that it was read. The will bore an attestation clause. The signatures were the genuine signatures of the testatrix and the witnesses. From that and other testimony in the record the Surrogate would have been justified in deciding that the witnesses who went to the testatrix's home for the express purpose of having the will executed signed it as witnesses at her request.

" It is, of course, too late to claim that the facts making due execution must all, or any of them, be established by the concurring testimony of the two subscribing witnesses. Both of those witnesses must be examined, but the will may be established, even in direct opposition to the testimony of both of them. This is too well settled to call for the citation of authorities." (*Trustees of Theological Seminary* v. *Calhoun, supra,* p. 425.)

The matter should be remitted to the Surrogate's Court to determine as a question of fact in accordance with this opinion whether the will was executed as required by section 21 of the Decedent Estate Law.

The order of the Appellate Division and the decree of the Surrogate's Court should be reversed and the matter remitted to the Surrogate's Court for further proceedings in accordance with this opinion, with costs in all courts to the appellant payable out of the estate.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Ordered accordingly.