In the Matter of Proving the Last Will and Testament of MICHAEL N. PRICE, Also Known as MICHAEL PRICE and M. N. PRICE, Deceased, as a Will of Real and Personal Property.

MORRIS NACHT and ARNOLD N. PRICE, as Executor, etc., of ESTHER N. PRICE GOODMAN, Also Known as ESTHER N. PRICE, Deceased, Appellants; MINNIE NACHT GIFFLER and Others, Contestants, Respondents.

First Department, June 24, 1938.

*Charles G. Coster* of counsel [*Joseph M. Paley* with him on the brief, attorney], for the appellants.

*Louis J. Schwartz* and *Arthur Brandwein* of counsel [*Louis J. Schwartz,* attorney for Minnie Nacht Giffler; *Samuel B. Goodman,* attorney for Benjamin D. Nacht and others], for the respondents.

PER CURIAM. The jury's finding that the deceased did not duly subscribe the will in the presence of the attesting witnesses and that he did not duly acknowledge his signature to them, was against the weight of the evidence.

Each of the subscribing witnesses was over seventy years of age at the time of the trial, held almost eighteen years after the will had been executed. At one time these witnesses testified they did not see the testator sign nor did they see his signature on the instrument when they affixed their names, and at another they swore they did not recall what happened. Nevertheless, there was adduced, as required by statute, proof of the handwriting of the testator and of the subscribing witnesses and of such other circumstances as were sufficient to establish the will. (Surr. Ct. Act, § 142.)

The instrument propounded was drafted by deceased's attorney pursuant to his specific instructions; it was found among the deceased's possessions with other private papers; the signature of the testator on each of the three pages of the paper was genuine; there was a full attestation clause; the signatures of the subscribing witnesses were made at the same time and in the presence of each other and at the end of the attestation clause, and the testator had acknowledged the paper offered as his last will and testament. According to the testimony of Albert S. Osborn, a handwriting expert of high repute, the signatures of the attesting witnesses and those of the testator were made by the same pen and with the same ink and at approximately the same time; an inspection of the signatures on the instrument itself bears out Osborn's testimony to the effect that the same pen and ink were used.

In the light of this proof there is a presumption that there was a compliance with all necessary formalities. (*Matter of Katz*, 277 N. Y. 470; *Matter of Baldwin*, 216 App. Div. 111; affd., 243 N. Y. 646; *Matter of Sizer*, 129 App. Div. 7; affd., 195 N. Y. 528; *Matter of Cottrell*, 95 id. 329; *Trustees of Auburn Seminary* v. *Calhoun*, 25 id. 422; *Matter of Hock*, 160 Misc. 621.)

Under section 309 of the Surrogate's Court Act this court may direct final judgment even in the absence of a motion for direction of a verdict upon a trial in the Surrogate's Court. (*Matter of Burnham*, 234 N. Y. 475.)

The decree of the surrogate should be reversed, with costs, and an order should be made directing the surrogate to admit the will to probate.

Present — O'MALLEY, TOWNLEY, GLENNON, COHN and CALLAHAN, JJ.

Decree unanimously reversed, with costs, and the surrogate directed to admit will to probate.