In the Matter of the Estate of JOSEPHINE PROCTOR WEBER, Deceased.

Surrogate's Court, New York County, December 24, 1940.

*Dwight, Harris, Koegel & Caskey* [*Frederick W. P. Lorenzen* of counsel], for the petitioner.

*Beekman, Bogue, Stephens & Black*, for the distributees.

FOLEY, S. An exceptional situation has developed in this probate proceeding which involves the question of whether the testimony of the subscribing witnesses must be taken by a commission. The will was executed by the testatrix in London, England, on June 18, 1935. She died a resident of the county and State of New York. The subscribing witnesses are two English solicitors of professional standing and experience. The will in so far as valid execution is concerned is fair on its face. It contains an attestation clause which is valid under the law of England, the place of execution. (Dec. Est. Law, §§ 22-a, 23.) The handwriting of the signatures of the subscribing witnesses has been proved. The authenticity of the signature of the testatrix has also been established. In the ordinary course, therefore, the testimony of

the subscribing witnesses could have been dispensed with under the provisions of section 142 of the Surrogate's Court Act, and the will admitted to probate. Again, even if objections had been filed and if the testimony was in this same condition at the close of the trial of a probate contest, the will would have been required to have been admitted to probate on the issue of execution by the surrogate either without a jury or by a direction of a verdict to the jury. (*Matter of Katz*, 277 N. Y. 470; *Matter of Nelson*, 141 id. 152; *Matter of Hunt*, 110 id. 278; *Matter of Cottrell*, 95 id. 329; *Peck* v. *Cary*, 27 id. 1; *Matter of Levy*, 235 App. Div. 819; 234 id. 868.)

No objections have been filed to the probate of the will. Upon the examination of the witnesses, had with a view to dispensing with the testimony of the subscribing witnesses, pursuant to authority granted to the surrogate to so dispense under the provisions of section 142 of the Surrogate's Court Act, the attorneys for two of the persons interested made a demand upon the minutes for the issuance of a commission to take the testimony of the two subscribing witnesses who apparently still reside in England. Subsequently, a formal written demand for such examination was served and filed in the probate proceeding. If a commission is issued, delay undoubtedly will result in the taking of the testimony and in the return of the commission because of the difficulty in ascertaining the whereabouts of the witnesses and the serious disruption of the orderly process of taking such commission caused by the war and particularly by the bombing of London and of other parts of England.

Under these circumstances I hold that the application to take the testimony of the subscribing witnesses by commission must be denied and the will must be admitted to probate.

It must be shown as a condition precedent under the provisions of section 142 of the Surrogate's Court Act, that the testimony attempted to be taken on commission " can be obtained *with reasonable diligence*." That phrase in the sentence of the section qualifies not only the discretionary power of the surrogate to order a commission, but also the right of a party to demand that it be taken. If the right to a commission was mandatory, a very simple way to delay probate unjustly would be available especially where a war existed or the absent subscribing witness was engaged in travel in distant countries.

Certainly, here, the circumstances are so extraordinary and the motives of the parties who demand a commission so plainly dilatory, that no further delay should be tolerated.

Submit order on notice dispensing with the testimony of the subscribing witnesses and submit decree on notice admitting the will to probate.