William T. Collins, S.
The objections filed to the probate of the will of the decedent challenged the validity of its execution and charged lack of testamentary capacity, undue influence and! fraud. The issues were tried by the court without a jury. These' facts developed from the evidence. The will bore the signature of the decedent and three witnesses. It contained an attestation clause signed by all of the witnesses. One of the witnesses testified that he was called into a room occupied by the decedent to act as a witness to the execution of the will, that he saw her sign it, that she requested him to witness it and that he signed the instrument in her presence and in the presence of the other two witnesses. The other two witnesses admitted that they were called in to witness the will but denied that they saw the decedent sign it or that she requested them to sign it. One of the witnesses even denied that he signed at the end of the will although his name appears to have been subscribed to it and his signature was attached to the attestation clause. According to the testimony of Albert D. Osborn, a handwriting expert of high repute, the signature of this witness to the will was genuine. In fact it was stated by the handwriting expert and by the other witnesses that all of the signatures on the instrument were the .genuine signatures of the decedent and the witnesses. As stated in Orser v. Orser (24 N. Y. 51, 52): “ A will, duly attested upon its face, the signatures of which are all genuine, may be admitted to probate, although none of the subscribing witnesses are able to swear, from recollection, that the formalities required by the statute were complied with; and even although some of them should swear positively that they were not, if the other evidence warrants the inference that they were.”
It has now been well settled that where a subscribing witness testifies against the execution of a will, it may nevertheless be established upon proof of the handwriting of the testator and of the subscribing witnesses and also of such other circumstances as would be sufficient to prove the will. (Matter of Katz, 277 N. Y. 470; Matter of Price, 254 App. Div. 477, affd. 279 N. Y. 700; Matter of Cottrell, 95 N. Y. 329; Trustees of Theological Seminary of Auburn v. Calhoun, 25 N. Y. 422; Orser v. Orser, supra.) In Matter of Katz (supra) the Court of Appeals stated (p. 472): “The facts that their genuine signatures appear on the will at the proper place, that the will bears an attestation clause, that the signature of the testator is established, and that all of the facts surrounding the execution of the will tend to prove that the witnesses signed at the request *629 of the testator, may clearly establish the fact that the witnesses signed at the testator’s request and entitle the will to probate.” It said further (p. 473) ¡ “It is, of course, too late to claim that the facts making due execution must all, or any of them, be established by the concurring testimony of the two subscribing witnesses, Both of those witnesses must be examined, but the will may be established, even in direct opposition to the testimony of both of them. This is too well settled to call for the citation of authorities.”
The will was drawn upon instructions given by the decedent to her attorney, Although he did not sign as a witness he testified that he supervised the execution of the will, that it was read by him to her before she signed it and that it was executed by her and signed by the witnesses at her request in his presence and in the presence of the witnesses. It is apparent from the evidence that two of the subscribing witnesses were deliberately attempting to cast doubt upon the validity of the execution. The proof satisfies the court that the will was duly executed in accordance with the requirements and formalities of the statute.
On the question of testamentary capacity, while there was conflicting testimony, the court finds upon all of the evidence that on the date of the execution of the will decedent was of sound mind and was competent to make a will. In its determination the court has considered the evidence consisting of an order of certification by a Supreme Court Judge that the decedent was mentally ill. This order however was made more than five years prior to the execution of the will and shortly after decedent had undergone a serious operation from which she subsequently apparently recovered. There is no evidence that during the intervening years she was ever confined to an institution or that she received any psychiatric treatment. During this period and until the date of her death, the testimony is that she was engaged in the business of renting out rooms in her furnished apartment, that she collected and paid rent to the owner of the premises and otherwise managed her own financial and personal affairs. In the opinion of the court these facts rebut any presumption of incompetency that may have existed five years before the will was made.
On the issues of fraud and undue influence no proof was offered by the contestants. The court finds that there was no restraint or undue influence or fraud of any kind in connection with the testamentary transaction. All of the objections to the will are dismissed.
Submit decree on notice admitting the will to probate accordingly.