In the Matter of the Probate of the Will of PAULINE R. WARD, Deceased. BENJAMIN RATNER, Appellant; L. AUDREY WARD CHRITE et al., Respondents.

First Department, April 21, 1960.

*Alfred S. Julien* (*Emanuel Wexler* with him on the brief; *Gordon & Wexler,* attorneys), for appellant.

*Elliott L. Biskind* of counsel (*Leo Isacson* and *Benjamin Weinberger* with him on the brief; *Isacson & Weinberger,* attorneys), for respondents.

*Per Curiam.* This is an appeal from a decree of the Surrogate's Court, Bronx County, after a nonjury trial admitting a certain written instrument dated April 24, 1950 to probate as the last will and testament of Pauline Ratner Ward, deceased, and revoking limited letters of administration upon the goods, chattels and credits of the decedent which had been theretofore issued. The appellant is the brother of the decedent, the respondents are children by a previous marriage of decedent's deceased husband.

The will, written in decedent's hand, bearing her signature, dated April 24, 1950, and bequeathing her entire estate to " my husband, Warren W. Ward ", contains no attestation clause but under the word " Witness " bears the signatures of Joseph

Lanza and Mario Saliva. Appellant contends that the signatures of the witnesses were affixed in 1955, some two months after decedent's death, and that they were so affixed at the request of decedent's husband. This contention is based upon the written statements given voluntarily to appellant's counsel prior to the trial and the testimony of a handwriting expert. Respondents assert that the will was executed April 24, 1950 and that the witnesses' signatures were affixed that day in the presence of the testatrix, her husband and in the presence of each other.

Decedent was an intelligent and educated person, a college graduate, and had held a responsible position in private industry for more than 20 years preceding her death. On June 17, 1936, at the age of 32, she entered into a ceremonial marriage with one Warren W. Ward in Elkton, Maryland. They lived together as husband and wife in New York City until her death on May 9, 1955. Two years thereafter, on April 22, 1957, the husband died. The instrument dated April 24, 1950 was not offered for probate until March 20, 1959, almost four years after the death of the decedent and two years after the death of her husband.

Section 309 of the Surrogate's Court Act provides, in part, as follows: "Where an appeal is taken upon the facts, the appellate court has the same power to decide the questions of fact, which the Surrogate had". Under the authority of that section, we hold the determination of the learned Surrogate was against and contrary to the weight of the evidence, and the testimony in support of the due execution of the instrument offered for probate incredible.

We find that after the decedent died her husband, the sole legatee, wrote the word "Witness" on the will and then by folding the will so as to conceal the signature and body thereof and by representing to the witnesses that it was his will had them sign their names under the word "Witness"; that at the time the witnesses signed their names the decedent was dead; that the testimony of Emanuel Wexler, S. Victor Spadaro and Harry Bonnett, attorneys, and Eugene M. Caplan is true and we credit the same; that the testimony at the trial of Mario Saliva, Joseph Lanza and Moe Weiss is unworthy of belief.

Furthermore, we credit the testimony of J. Howard Haring, a handwriting expert, who testified that the instrument was witnessed in or about June, 1955; that decedent's husband hand-lettered or printed the word "Witness" on the will; that he hand-lettered or printed his name and return address on an envelope postmarked June 2, 1955 addressed to the appellant,

and hand-lettered or wrote the contents of a letter dated June 1, 1955, which letter was mailed in said envelope; that the word "Witness" on the instrument offered for probate, the husband's name and the return address on the said envelope postmarked June 2, 1955, and the signature "Joseph Lanza" and his address on the said instrument were made at approximately the same time. (*Matter of Price*, 254 App. Div. 477, 478.).

Further, we hold the instrument was not subscribed by the decedent in the presence of, nor was it acknowledged by her to have been so made to, each of two attesting witnesses; that decedent did not prior to her death declare the instrument to be her last will and testament.

The instrument was witnessed after decedent's death at the request of the sole beneficiary therein named. At the trial the alleged subscribing witnesses disavowed prior written statements to that effect given freely to appellant's counsel before the trial. The witnesses attempt to explain their signed statements to appellant's counsel by saying that the will referred to was that of the husband. If that testimony be accepted, then two instruments were signed by them — one, the alleged will of the decedent before her death, and two, the alleged will of her husband after her death. We deem it highly significant that the will of the husband was not produced, nor its nonproduction explained. It seems passing strange that the decedent's alleged will dated April 24, 1950 was preserved and produced nine years later, but that the will purportedly signed in 1955 was not. We conclude, therefore, that the offered explanation of the witnesses was a fabrication.

Accordingly, we hold the decree should be reversed, on the law and on the facts, without costs, and the matter, including appellant's application for counsel fees and disbursements, remanded to the Surrogate with the direction that a decree be entered denying admission of the instrument to probate and reinstating the limited letters of administration upon the goods, chattels and credits of the decedent.

BOTEIN, P. J., BREITEL, RABIN, VALENTE and McNALLY, JJ., concur.

Decree unanimously reversed, on the law and on the facts, without costs, and the matter, including appellant's application for counsel fees and disbursements, remanded to the Surrogate with the direction that a decree be entered denying admission of the instrument to probate and reinstating the limited letters of administration upon the goods, chattels and credits of the decedent. Settle order.