Joseph A. Cox, S.
Instruments bearing dates February 27, 1958 and January 31,1960 have been admitted to probate, without opposition, as the testator’s will and a first codicil thereto. Objections were interposed to the admission to probate of two additional purported codicils, dated respectively May 11, 1960 and July 27, 1960, and a jury trial has been had of the issues raised by such objections. The only questions submitted to the jury concerned the validity of the execution of the purported second and third codicils.
Both of these propounded papers were prepared by a lawyer, concededly were published by the testator as testamentary instruments and concededly were subscribed by the testator and by two witnesses in the testator’s presence at his request. The same persons witnessed both instruments. One of the witnesses, who was the lawyer draftsman, testified to facts which, if corroborated by the second witness, would establish due execution in full compliance with section 21 of the Decedent Estate Law. The other witness was a domestic in the employ of the testator. She testified that the paper of July 27,1960 was signed by her in the presence of the testator but that such signing was prior to the time the testator affixed his signature to the paper. This particular point of her testimony was consistent with a written statement of this witness which had been procured on behalf of a contestant two weeks after the testator’s death. However, in that statement the maid stated that both instruments, the paper dated May 10,1960 as well as the paper dated July 27,1960 had *630 been signed by the witnesses before subscription by the testator. In respect of each paper, her written statement was that the testator was the last to sign. At the trial the recollection of this witness was not too clear in respect of the execution of the paper of earlier date but she said that her best recollection was that the July 27 paper had not been executed by the testator when she placed her signature on the paper. She did not adhere to her written statement that the testator was the last to sign and neither was she certain that she signed prior to the signing by the other witness.
In Jackson v. Jackson (39 N. Y. 153) it was held to be essential to the due execution of a will, under the law of New York, that the attesting witnesses sign the instrument after its subscription by the testator. In so holding the Court of Appeals said (p. 161):
“ Our statute on this precise point reads: 1 There shall be, at least, two attesting witnesses, each of whom shall sign his name as a witness at the end of the will, at the request of the testator.’
‘ ‘ They are, in and by this act of signing their names, to attest, not only the signing or acknowledgment, but his contemporaneous declaration that it is his will. Their signatures do not attest the signing by the testator, if they are placed there before the will is signed by him. For some period, longer or shorter, as the case may be, those signatures attest no execution — they certify what is not true. ’ ’
This decision was rendered in 1868 and this court can find no later controlling decision which provides a contrary interpretation of the statute governing the execution of wills. It has been suggested to the court that this decision has become archaic, not so much because of its reasoning but more by reason of its date, and that modern times require a relaxation of statutory requirements perhaps too long established. It has been held that this statute in all respects must be strictly and not loosely construed (Matter of Winters, 277 App. Div. 24, affd. 302 N. Y. 666 ; Matter of Conway, 124 N. Y. 455; Matter of Booth, 127 N. Y. 109; Matter of Andrews, 162 N. Y. 1; Matter of Peabody, 279 App. Div. 826) and disapproval of a rigid rule only stresses the existence of the rule throughout the years (Matter of Winters, supra, p. 27).
Among other States which, like New York, generally follow English precedents as to the requirements of will execution there appears to be an irreconcilable conflict of authority as to the importance to be attached to the order of signing a testamentary paper if the acts of subscription are substantially contemporaneous and are completed as one transaction (2 Page, Wills [Bowe-Parker Rev.], §§ 19.138, 19.139) but Jackson v. *631 Jackson (supra) would seem to be controlling upon the point in this jurisdiction. In this state of the law and, in view of the conflict in the testimony of the subscribing witnesses, the court submitted to the jury the following questions:
“ 1. Did Milton Morgan, also known as Milton M. Morgan, the testator, subscribe the paper offered for probate bearing the date May 11, 1960 before either subscribing witness signed the said paper?
“ 2. Did Milton Morgan, also known as Milton M. Morgan, the testator, subscribe the paper offered for probate bearing the date July 27, 1960 before either subscribing witness signed the said paper? ”
The jury answered the first question in the affirmative and the second question in the negative. The proponent has moved to set aside the verdict rendered in response to the second question.
In the balance' are the statements of the two subscribing witnesses. One, a lawyer, testified that both papers were published by the testator, signed by the testator, and thereafter, at the request of the testator, signed by the witnesses, the attorney signing his name and the maid then signing her name as the last of the three signatories. This attorney, experienced in the preparation and execution of wills, professed a clear recollection of the incidents on each occasion and of compliance with the statutory requirements in accordance with practices established by him throughout his professional career of some 47 years. Where the execution of a will is under the supervision of a lawyer, or any person fully conversant with the statutory requirements as to execution, a presumption of fact exists that the execution was in compliance with the formal requirements of the statute (Matter of Kindberg, 207 N. Y. 220, 228; Matter of Cottrell, 95 N. Y. 329, 339). It was the testimony of the attorney that the testator was the first to sign the paper of July 27,1960, that the attorney next signed and that the maid signed last, at a time when two signatures were on the paper. This testimony is in conformity with the physical appearance of the paper inasmuch as the signature of the later witness is below that of the lawyer on the final page of the instrument and is the last signature on that page.
The testimony of the maid was not unequivocal and while the court is not of the opinion that her testimony was not her best recollection, the conclusion must be that her recollection was not of the best. She stated that she was impatient to return to her duties in the kitchen and, although there was evidence that she remained in the presence of the others during the entire pro *632 cedure of execution, the impression is unavoidable that her thoughts were on her domestic responsibilities and not on the legal significance of the ritual in which she was a participant. Any feeling of urgency was wholly subjective on her part and nothing in the entire proof indicated that either the testator or his attorney expressed any idea that the domestic duties of this witness were of such moment as to require abbreviation of the short time needed for a proper execution of the instrument. Accepting her testimony as credible, it is quite apparent that, at the time her pen was on the paper her mind was in the kitchen. It also is of importance that her testimony at the trial was at variance with the written statement procured from her a short time after the testator’s death.
A motion has not been made with respect to the conclusion of the jury that the second codicil was properly executed and no different conclusion would have been justified on the evidence. The court finds that the instrument of May 11, 1960 was duly executed and that at the time of such execution the testator was not subject to any restraint or undue influence. This paper will be admitted to probate. For the reasons above referred to, and also in view of the verdict as to the second codicil, it is the conclusion of the court that the verdict of the jury upon the question pertaining to the execution of the third codicil was against the weight of the evidence. This verdict is set aside and a new trial is directed (Matter of Walther, 2 A D 2d 158). Inasmuch as the objections as to lack of testamentary capacity, fraud and undue influence were dismissed at the prior trial, the issue upon the new trial will be limited to the execution of the instrument of July 27, 1960.