*539 OPINION OF THE COURT
Lee L. Holzman, J.
In this summary judgment motion, the proponent seeks to have the objections dismissed and the propounded instrument, dated February 10, 1992, admitted to probate. The proponent is the decedent’s husband. He is also the nominated executor and the principal beneficiary of the estate under the propounded instrument. The objectant is the son of the decedent and the proponent. He is also the proponent’s former law partner. This will contest appears to be a skirmish in the larger battle involving the former law partnership.
The decedent died on February 12, 2003. The decedent’s only distributee, other than the-proponent and the objectant, is her daughter. The testamentary assets are valued at $6,000,000. The propounded instrument establishes a trust for the benefit of the proponent equal to the “unified credit.” It also contains legacies of $25,000 for each of the decedent’s seven grandchildren, including the objectant’s three children. The residuary estate is bequeathed outright to the proponent and the remainder interest in the unified credit trust is bequeathed to the decedent’s daughter or, if she does not survive the proponent, to the daughter’s four children. Paragraph Seventh of the instrument explains that no greater provisions have been made for the objectant because the decedent had provided for his children during her lifetime and because he “will receive benefits in the future in the practice of the law commenced by my husband in 1947.” The propounded instrument contains an attestation clause and its execution was supervised by the proponent, an attorney.
In support of the motion, the proponent has submitted an affidavit from his attorney, an affidavit from the sole surviving attesting witness indicating that the instrument was executed with the required statutory formalities, and the SCPA 1404 deposition of the witness. The attesting witnesses are Regina Kaufman and Raymond Kaufman, who lived in the same apartment house as the decedent and the proponent and had been their friends for many years. Raymond Kaufman predeceased the decedent. Regina Kaufman was 84 years of age when she was deposed. Understandably, she did not recall all of the particulars of the execution ceremony that had occurred more than a decade prior to the deposition. However, she did recollect the following: that the execution ceremony took place in either her own apartment or the decedent’s apartment; that the only *540 people who were present were herself, her husband, the decedent and the proponent; and that she knew that the decedent was executing a will and that she was acting as an attesting witness.
The following objections have been interposed: (1) the will offered for probate is not the last will inasmuch as the decedent executed a will on February 9, 2003, three days prior to her death; (2) the will was not executed with the required statutory formalities; and (3) “upon information and belief’ the decedent was not of “sound memory” when she executed the will. The objectant’s allegations in opposition to the motion consist primarily of the following: the court should not entertain this motion because section 207.26 (c) of .the Uniform Rules for the Surrogate’s Court (22 NYCRR 207.26 [c]) provides that all pretrial procedures or proceedings are stayed until the proponent has complied with the jurisdictional requirements of SCPA 1411; the 2003 instrument must be offered for probate and its validity determined before the court can consider whether the 1992 instrument is a valid will; the objectant should not have to respond to the motion until he has received the gift tax returns that he requested; and the court should not consider counsel’s affidavit because he was not a witness to any event that is relevant to the validity of the will.
Summary judgment cannot be granted unless it appears that no material triable issues of fact exist (Phillips v Kantor & Co., 31 NY2d 307 [1972]; Click & Dolleck v Tri-Pac Export Corp., 22 NY2d 439 [1968]). Initially, it is the proponent’s burden, as the movant, to establish that he is entitled to summary judgment by tendering sufficient evidence in admissible form to demonstrate the absence of any material issue of fact (Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065 [1979]). If a prima facie showing is made, the burden of going forward with proof, in admissible form, establishing that the proponent is not entitled to judgment as a matter of law shifts to the respondent, as the party opposing the motion (Zuckerman v City of New York, 49 NY2d 557 [1980]). Summary judgment is a drastic remedy which requires that the party opposing the motion be accorded every favorable inference and that issues of credibility may not be determined on the motion but must await the trial (Westhill Exports v Pope, 12 NY2d 491 [1963]; Esteve v Abad, 271 App Div 725 [1947]).
The objectant’s reliance on the provisions of 22 NYCRR 207.26 and SCPA 1411 have a surface technical appeal that *541 vanishes upon a closer examination of the practical effect of adopting this position. SCPA 1411 was enacted to give the beneficiaries under the will notice of the objections to probate so they will have the opportunity to appear in the proceeding to protect their interests under the will offered for probate by, inter alia, participating in any settlement discussions or disclosure procedures (see Turano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 58A, SCPA 1411). SCPA 1411 provides that any decree entered in the probate proceeding shall have no effect upon a person who should have, but did not, receive notice thereunder. However, it does not provide for a stay of “all further pretrial procedures or proceedings” until there has been compliance with SCPA 1411. The stay is only set forth in Uniform Rules § 207.26 (c). The reason for section 207.26 (c) is to give the beneficiaries the opportunity to participate in any pretrial procedures or proceedings, thereby obviating the possibility of duplicative pretrial procedures or proceedings, such as two separate depositions of the same witness.
Here, the motion for summary judgment is predicated upon the SCPA 1404 deposition which occurred prior to the filing of objections and, thus, prior to the provisions of SCPA 1411 coming into play. Moreover, the two primary beneficiaries under the will support the instant motion. Thus, the only beneficiaries who could conceivably be prejudiced by not having received formal notice of the objections pursuant to SCPA 1411 are the grandchildren, who each receive a $25,000 legacy. One of the grandchildren is a minor. If jurisdiction had been obtained over him pursuant to SCPA 1411, it would appear that the proceeding would be burdened with the expense of having a guardian ad litem appointed for him (see SCPA 403 [2]). However, it does not appear that either the objectant or any of the grandchildren will be prejudiced by the court’s entertaining this motion prior to the service of the SCPA 1411 citation upon the grandchildren notifying them, inter alia, that objections have been filed. To the extent that the motion is granted, the determination will inure to the grandchildren’s benefit. To the extent that the motion is denied, they would still have the right to participate in all future pretrial procedures or proceedings, including a motion for summary judgment based upon evidence adduced at such procedures. Considering these facts, the court, in the exercise of its discretion, concludes that it may entertain the instant motion notwithstanding the fact that SCPA 1411 jurisdiction has yet to be obtained over the grandchildren. Of course, if the *542 objectant were the party who was seeking summary judgment, the court would not entertain the motion until SCPA 1411 jurisdiction had been completed. This is so because SCPA 1411 provides that beneficiaries who were not served with the SCPA 1411 citation would not be bound by the determination denying probate to the propounded instrument.
The objectant is raising a “strawman” when he contends that the existence of the 2003 instrument precludes going forward with the proceeding to probate the 1992 instrument. It is true that if anyone were seeking to have the 2003 instrument admitted to probate, its validity would have to be determined before the validity of the 1992 will was tried. This procedure would be followed because if it were determined that the 2003 will is entitled to be admitted to probate, it would revoke the 1992 instrument, rendering academic any determination as to the validity of the 1992 instrument (had there been no valid later instrument). However, no interested party is seeking to prove that the 2003 instrument is entitled to be admitted to probate. The biggest difference between the 2003 and the 1992 instruments is that the 2003 instrument does not contain $25,000 legacies for each grandchild. Notwithstanding that the proponent and the decedent’s daughter are the two individuals who would have a greater pecuniary interest under the 2003 instrument than under the 1992 instrument, affidavits have been submitted by both of them stating that they do not seek to probate the 2003 will. Moreover, the objectant himself notes “the purported 2003 will is about as despicable as anyone can imagine” (object-ant affidavit at 3) and that “it is furthermore deponent’s position that the 2003 will is invalid” (at 5). Nevertheless, he argues that the 2003 will revoked the 1992 will “and thus there is an intestacy.”
The objectant’s inconsistent position with respect to the 2003 will is not tenable. If the objectant is contending that the 2003 instrument is invalid because it was not duly executed in accordance with the statutory formalities, this would result in a determination that its revocatory provisions Eire also invalid. This is so because EPTL 3-4.1 “wisely requires that a revocatory instrument be executed with the same formalities as those needed to make a valid will” (Matter of Coffed, 46 NY2d 514, 519 [1979]). Similarly, if the objectant is contending that the 2003 instrument is invalid because the decedent lacked testamentary capacity at the time of execution, this would result in holding that “as the testator was incompetent to make the *543 dispository provisions of the will, he was equally incompetent to make its revocatory provisions” (Matter of Goldsticker, 192 NY 35, 37 [1908]).
For the reasons stated above, the objectant’s concession that the 2003 instrument is not a valid will precludes granting his contention that its revocatory provisions are somehow effective. In the absence of any interested party presenting a valid reason for probating the 2003 instrument, it makes no sense to direct the parties to spend time and funds to seek to probate an instrument that neither the court nor they find any valid reason to probate (the court would appoint the public administrator or a guardian ad litem to probate a will where it appears that the reason that the will is not offered for probate is to circumvent the decedent’s wish that a legacy be held in trust). Consequently, the court holds that the existence of the 2003 instrument, which no interested party seeks to prove is valid, is not an impediment to admitting the 1992 instrument to probate. Therefore, summary judgment is awarded in favor of the proponent, dismissing objection “FIRST,” alleging that the 2003 instrument revoked the propounded instrument.
The objectant’s contention that the proponent has not established a prima facie case of due execution is based primarily upon the inability of the sole surviving attesting witness to recall all of the particulars of the execution ceremony. The objectant has not asserted that any of the signatures on the instrument are forgeries. The 84-year-old attesting witness did not give any testimony which would indicate the will was not validly executed. She testified that “I don’t remember the dialogue really, but I assume my friend told me to sign to bear witness to the will and that’s what I did.” The “imperfect memory” of this attesting cannot be the basis to deny probate of the will (Matter of Collins, 60 NY2d 466, 468 [1983]). To the contrary, the proponent has met his burden of proof on the issue of due execution where, as here, the testimony of the attesting witness is buttressed both by the inference of due execution that arises from the supervision of the execution ceremony by an attorney (2 NY PJI2d 1162-1163 [2004], citing Matter of Kindberg, 207 NY 220 [1912]; Matter of Cottrell, 95 NY 329 [1884]; Matter of Murtlow, 258 AD2d 686 [1999]; Matter of Coniglio, 242 AD2d 901 [1997]; Matter of Esberg, 215 AD2d 655 [1995]; Matter of Hedges, 100 AD2d 586 [1984]; Matter of Morgan, 32 Misc 2d 628 [1961]; Matter of Brown, 143 Misc 688 [1932]; Matter of Mare, 141 Misc 143 [1931]) and the presumption of due execu *544 tion that arises “[w]hen there is an attestation clause” coupled with “evidence of the signatures of the testator and the witnesses” (2 NY PJI2d 1165 [2004], citing Matter of Katz, 277 NY 470 [1938]; Matter of Sizer, 129 App Div 7 [1908], affd 195 NY 528 [1909]). Notwithstanding the objectant’s contention that the proponent’s memory and ability to perform legal services has greatly diminished over the past few years, he appears to question why the proponent has not given his detailed version of the execution ceremony that he supervised. In any event, the objectant has not cited any example that would lead to even an inference that in 1992, when the proponent and the objectant were law partners, the proponent did not know the requirements for the due execution of a will. Furthermore, the object-ant has failed to offer any evidence to rebut the proponent’s prima facie case of due execution. Consequently, the motion to dismiss objection SECOND is granted.
The affidavit and testimony of the attesting witness coupled with the provisions of the will suffice to establish that, when the propounded instrument was executed, the decedent possessed testamentary capacity, i.e., she understood the nature and consequences of executing her will; she knew the nature and extent of the property of which she was disposing; and she knew the natural objects of her bounty and her relations with them (Matter of Kumstar, 66 NY2d 691 [1985]). It would appear that if the objectant “upon information and belief” were of the opinion that his mother lacked testamentary capacity, he would be able to provide some proof to support this contention. Instead, by parsing words, he attempts to show that some of the provisions in the instrument, which he does not like, reflect the decedent’s lack of testamentary capacity. Moreover, the objectant has not offered any explanation as to how the information contained in the gift tax returns that he requested would, standing alone, raise an issue of fact with respect to whether his mother had testamentary capacity when the propounded instrument was executed. Lastly, it is noted that the objectant’s contention that the motion is supported solely by the affidavit of an attorney, who did not witness any of the relevant facts, is simply not accurate. The motion is supported by the affidavit and deposition of the attesting witness. It is appropriate for counsel to make reference to those documents in his affidavit (Olan v *545 Farrell Lines, 64 NY2d 1092 [1985]). Accordingly, the motion to dismiss objection THIRD is granted.
For the reasons stated above, the motion for summary judgment is granted in its entirety.